Commonwealth *v.* Frisby, Appellant.

Argued January 11, 1973. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Ronald J. Klimas,* with him *Eckell, Sparks, Vadino, Auerbach & Monte,* for appellant.

*Anna I. Vadino* and *Vram Nedurian, Jr.,* Assistant District Attorneys, with them *Ralph B. D'Iorio,* Assistant District Attorney, and *Stephen J. McEwen, Jr.,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE O'BRIEN, March 16, 1973:

On July 9, 1970, at about 11:30 a.m., William Nowak, proprietor of a grocery store located at 631 Morton Avenue, in the city of Chester, was stabbed during the perpetration of a robbery. The victim told police

that he was handed a robbery note, but before he could do anything, he was stabbed. Mr. Nowak was removed to a hospital and died on July 16, 1970.

Police officers investigating the incident obtained information that appellant was seen writing a note shortly before the robbery. Police then proceeded to Chester High School to obtain enrollment cards of various students, among them appellant. At the school, the officers compared the printed writing on the note found at the robbery with that of the enrollment cards. Based on information which the police obtained from informants, relating to appellant's plans to rob a store, and the officers' opinion that the handwriting on the note matched appellant's enrollment card, police obtained a juvenile petition from the Chester Juvenile Department charging appellant with the offense in question.

Appellant was then arrested, made an incriminating statement, and was certified to stand trial as an adult. Trial before a jury was held, and appellant was convicted of murder in the first degree, robbery and larceny. The jury imposed a life sentence.

Appellant first alleges that the court below did not have jurisdiction to try him for robbery and burglary since he was not above the age of fourteen. Appellant relies upon the Act of June 2, 1933, P. L. 1433, §18, 11 P.S. §260, which reads in part: "Whenever any child, being above the age of fourteen years, has been held by any magistrate . . . the judge of the juvenile court having jurisdiction, if, in his opinion, the interests of the State require a prosecution of such case on an indictment, may certify the same to the district attorney of the county, who shall thereupon proceed with the case in the same manner as though the jurisdiction of the juvenile court had never attached."

At the time of the offense, appellant was fourteen years, nine and one-half months old. While appellant's

argument is a novel one, we fail to perceive any merit in it. An individual who is past his fourteenth birthday is over the age of fourteen.

Appellant next contends that the court erred when it gave instructions relating to felony-murder. Appellant contends that the robbery or burglary was nothing more than an act of juvenile delinquency due to appellant's age and, therefore, not felonious, under the felony-murder rule. We do not agree. Once a juvenile is certified to adult court, he can and is treated in the same manner as an adult as far as capacity to commit a crime is concerned. *Commonwealth v. Zietz,* 364 Pa. 294, 72 A. 2d 282 (1950).

Appellant next alleges that no probable cause existed for his arrest. The record indicates that the police had information from an informer that appellant had mentioned that he was thinking about robbing a store and that he was seen writing a note in the "action center," which was across the street from the store which was robbed. Police compared the handwriting on the robbery note with that of appellant and they matched. While some of this information was hearsay, the handwriting on the note was sufficient to corroborate the hearsay information, thus supplying probable cause for appellant's arrest. See *Draper v. United States,* 358 U.S. 307 (1959), *Commonwealth v. Brayboy,* 431 Pa. 365, 246 A. 2d 675 (1968).

Appellant finally alleges his written confession was not voluntarily and intelligently made. The record reveals appellant was taken from his school at 10 a.m., at which time he was given the proper *Miranda* warnings and was taken to police headquarters. A phone call was made to his mother and she arrived at the police station at 12:30 the same day. In the meantime, appellant, who had again been advised of his *Miranda* rights, acknowledged that he understood them, denied

his guilt, and named another boy, Warren Halloway, as being at the scene of the crime on the day in question. Appellant was then placed in a detention room, while police went out in search of Halloway and a boy named Crews, who also had been identified by appellant as the perpetrator of the crime when appellant was being driven to the police station. Halloway and Crews were found and taken to police headquarters. At 1:00 p.m., the police had the parents of all the boys taken to police headquarters. Again, the *Miranda* warnings were read and all three boys were made aware of the charges brought against each boy. All three boys and their parents were then asked if they wanted to make statements and all indicated their willingness to do so.

Appellant and his mother were taken first, and after another reading of the *Miranda* warnings, which appellant and his mother stated that they understood, appellant gave his confession, confessing to the robbery and stabbing and exculpating the other two boys. The confession was signed by appellant and his mother.

The record clearly supports a finding that the confession given by appellant was voluntarily and intelligently made. See *Commonwealth v. Ferguson*, 444 Pa. 478, 282 A. 2d 378 (1971), and *Com. ex rel. Butler v. Rundle*, 429 Pa. 141, 239 A. 2d 426 (1968).

Judgment of sentence affirmed.