Commonwealth *v.* Minnich, Appellant.

Submitted June 9, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Joseph C. Mesics*, Public Defender, for appellant.

*David J. Brightbill*, Assistant District Attorney, and *George E. Christianson*, District Attorney, for Commonwealth, appellee.

OPINION BY PRICE, J., September 22, 1975:

This is an appeal from the judgment of sentence of the Court of Common Pleas of Lebanon County after conviction by a jury on June 17, 1974 of criminal conspiracy.[1] Timely motions for arrest of judgment and for

---

1. Under the Pennsylvania Crimes Code, a person is guilty of conspiracy with another person to commit a crime if, with the intent of promoting or facilitating its commission, he agrees with such other person that they or one or more of them will engage in conduct which constitutes a crime or agrees to aid such other

a new trial were made and denied by the lower court by opinion and order filed October 31, 1974. Appellant was then sentenced to a term of imprisonment of 6 to 23 months. The sole issue raised on appeal is whether the evidence adduced at trial was·sufficient to sustain appellant's conviction.

The charge of criminal conspiracy against the appellant was based upon the Commonwealth's contention that the appellant had an agreement or understanding with one Frank Pautz whereby the appellant was to solicit purchasers of LSD for Pautz. The charge arose from a conversation which occurred between the appellant and two Pennsylvania State undercover narcotics agents, Jeanne Rentschler and James Bletcher, concerning the availability of a supply of LSD for purchase. An examination of the testimony of the two narcotics agents, Rentschler and Bletcher, reveals the following: On August 15, 1973, the appellant approached the two agents, who were together, in Coleman's Park in Lebanon and inquired of the agents whether they wanted any "acid" (NT 4, 6), stating that, if so, some would be available later in the evening. When Agent Bletcher indicated an interest in purchasing some LSD, the appellant told him that he would have to wait until Pautz, the seller, arrived although the appellant did not identify Pautz as such. The appellant also told Agent Bletcher that he would take him to Pautz. The appellant then left Agent Bletcher who returned to his car to wait for the arrival of Pautz. Agent Rentschler, at this time, left the park. Approximately fifteen minutes later, the appellant returned to Agent Bletcher and stated to him that the man with the "acid" was in the park and that if he wanted some it would cost him three dollars per tablet.

person in the planning or commission of a crime. Also, no person may be convicted of conspiracy unless he performs an overt act in pursuance of such conspiracy. Act of Dec. 6, 1972, P.L. 1482, No. 334, §1 (18 Pa.C.S. §903 (a) and (e)).

The appellant then guided Agent Bletcher to another car which was parked nearby and in which Pautz and an unidentified female were sitting. The agent purchased five LSD tablets from Pautz and gave Pautz the money.

In determining whether the evidence was sufficient to support the verdict of guilty, we view the Commonwealth's evidence as true and recognize that the prosecution is entitled to all reasonable inferences therefrom. *Commonwealth v. Eiland,* 450 Pa. 566, 301 A.2d 651 (1973) ; *Commonwealth v. Wright,* 383 Pa. 532, 119 A.2d 492 (1956) ; *Commonwealth v. Portalatin,* 223 Pa. Superior Ct. 33, 297 A.2d 144 (1972). So viewed, the record shows that the lower court was correct in refusing appellant's motions and that the conviction was adequately supported.

The essence of every criminal conspiracy is a common understanding, no matter how it comes into being. *Commonwealth v. Yobbagy,* 410 Pa. 172, 188 A.2d 750 (1963) ; *Commonwealth v. Strantz,* 328 Pa. 33, 195 A. 75 (1937). The Commonwealth, however, is not required to prove directly an explicit or formal agreement in order to establish the existence of a conspiracy. Although the evidence must show more than a mere association to establish the conspiracy, "[a] conspiracy may be inferentially established by showing the relation, conduct, or circumstances of the parties, and the overt acts on the part of co-conspirators have uniformly been held competent to prove that a corrupt confederation has in fact been formed." *Commonwealth v. Horvath,* 187 Pa. Superior Ct. 206, 211, 144 A.2d 489, 492 (1958). While the Commonwealth presented no direct evidence that the appellant and Pautz previously conspired together to sell LSD, the testimony of the two narcotics agents concerning the circumstances of the purchase could certainly have induced the jury to conclude that such an understanding had taken place. The evidence shows that the appellant had more than the mere knowledge that

Pautz would arrive at Coleman's Park that evening, carrying LSD tablets available for sale at three dollars per tablet. The appellant had, in fact, initiated discussion of a possible sale with the narcotics agents and had later guided Agent Bletcher to Pautz and the place of sale. Such evidence is more than sufficient to support the fact finder's conclusion that the appellant had made an agreement with Pautz prior to approaching the agents and that he had actually performed, in furtherance of such agreement, overt acts.

In defense, appellant, supported by the testimony of Pautz, contended that there was no agreement or understanding between them and that appellant had not led Agent Bletcher to Pautz's car. Because of this testimony, appellant argues that the Commonwealth was unable to prove the existence of a conspiracy beyond a reasonable doubt. This position is completely untenable. It is well established that a jury can believe all or some or none of the testimony of any witness. *Commonwealth v. Hornberger*, 441 Pa. 57, 270 A.2d 195 (1970) ; *Commonwealth v. Homeyer*, 373 Pa. 150, 94 A.2d 743 (1953). The jury, therefore, was able to disregard much of the testimony of both the appellant and Pautz.

The evidence, viewed in the light most favorable to the Commonwealth, is clearly ample to establish and sustain the conviction. We, therefore, affirm the judgment of sentence.