Commonwealth *v.* Ewing et al., Appellants.

Submitted November 17, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*James K. O'Malley*, and *Makoroff, O'Malley & Safier*, for appellant, Kenneth Murray.

*Raymond Radakovich, Alan Frank*, and *Frank & Radakovich*, for appellant, John P. Ewing.

*Robert F. Hawk*, First Assistant District Attorney, and *John H. Brydon*, District Attorney, for Commonwealth, appellee.

OPINION BY JACOBS, J., April 22, 1976:

This is the consolidated appeal of John Ewing and Kenneth Murray who, following a jury trial, were convicted of conspiracy and acquitted of burglary and malicious mischief by explosives. Appellants both challenge the sufficiency of the evidence to support their

convictions of conspiracy.[1] We agree with them that the evidence failed to establish the crime of conspiracy.

In the early morning hours of December 29, 1972, a construction building in Lyndora, Pennsylvania was blown up by explosives. Appellants were charged with the crime. At trial, the following evidence was presented by the Commonwealth to connect appellants with the crime:

(1) An automobile registered in the name of Loretta Ewing (Appellant Ewing's wife) was found at the scene of the explosion.

(2) Certain wires were found running from the destroyed building to an area near the automobile.

(3) An envelope was found under the visor of the car which contained the names of appellant Ewing and his wife as borrowers on a loan.

(4) Various pieces of incriminating evidence were found in the car — photographs of the building, directions how to get to Lyndora, a road map, a screwdriver, binoculars, and wire. However, no fingerprints could be identified on these articles.

(5) A wallet containing certain identification of appellant Murray was found in a suitcase inside the car.

(6) Several witnesses testified that they viewed as many as three unidentified persons running from the vehicle after the explosion.

---

1. Appellant Murray failed to file post-verdict motions. Normally, this would preclude the raising of any issues cognizable in post-verdict motions on appeal. See Pa.R.Crim.P. 1123. However, the record of the sentencing hearing discloses that Murray attempted to obtain counsel during the post-verdict stage of the proceedings. Moreover, Murray's trial counsel vigorously challenged the sufficiency of the evidence after the presentation of the Commonwealth's case. Consequently, rather than remand for the filing of post-verdict motions nunc pro tunc, we will now consider Murray's challenge to the sufficiency of the evidence. Furthermore, the lower court's opinion considers the evidence against both appellants in denying appellant Ewing's motion in arrest of judgment.

(7) One witness, who lived near the building, testified that soon after the explosion she confronted an unidentified male near her home. When asked by her who he was he replied "John." Appellant Ewing's first name is John. The witness's description of that person roughly resembled appellant Ewing, however, no identification could be made by the witness. Another witness's description of one of the persons seen running in the area approximated appellant Ewing's height and build.

(8) Several weeks after the explosion, Loretta Ewing came to claim her car from police and appellant Ewing asked for the return of his tool box which was supposedly in the trunk of the car.

On the basis of this evidence, the jury acquitted appellants of burglary and malicious mischief but convicted them of conspiracy. In post-verdict motions, appellant Ewing challenged, *inter alia*, the sufficiency of the evidence supporting his conviction for conspiracy. The motions were denied by the lower court and this appeal followed.

"The essence of every criminal conspiracy is a common understanding, no matter how it comes into being. The Commonwealth, however, is not required to prove directly an explicit or formal agreement in order to establish the existence of a conspiracy. Although the evidence must show more than a mere association to establish the conspiracy, '[a] conspiracy may be inferentially established by showing the relation, conduct, or circumstances of the parties, and the overt acts on the part of the co-conspirators have uniformly been held competent to prove that a corrupt confederation has in fact been formed.' " *Commonwealth v. Minnich*, 236 Pa. Superior Ct. 285, 288, 344 A.2d 525, 526 (1975) (citations omitted). "Even participation in the offense which is the object of the conspiracy does not necessarily prove the participant guilty of conspiracy. The evidence must

convince that the defendant did something other than participate in the offense which is the object of the conspiracy. *There must, in addition thereto, be proof of the unlawful agreement and participation therein, with knowledge of the agreement." Commonwealth v. Neff*, 407 Pa. 1, 15-16, 179 A.2d 630, 636 (1962) *quoting Dahly v. United States*, 50 F.2d 37, 43 (8th Cir. 1931).

Evidence was sufficient to support convictions of conspiracy where: defendant was positively identified as the driver of the getaway car used in a robbery, *Commonwealth v. Esposito*, 236 Pa. Superior Ct. 127, 344 A.2d 655 (1975); defendant negotiated with an under-cover agent for the purchase of illegal drugs from a third person, *Commonwealth v. Minnich*, supra; defendant was present with a co-defendant at a burglarized phone booth, they ran when approached by police, and when apprehended both defendants were in possession of empty paper bags, *Commonwealth v. McCoy*, 209 Pa. Superior Ct. 399, 228 A.2d 43 (1967); defendant acted as a look-out while a co-defendant broke into a restaurant, *Commonwealth v. Minor*, 227 Pa. Superior Ct. 343, 322 A.2d 717 (1974); defendant and the co-defendant split up property received from the victim, *Commonwealth v. Armbruster*, 225 Pa. Superior Ct. 415, 311 A.2d 672 (1973).

On the other hand, several cases have demonstrated that the evidence has been insufficient for conspiracy where: the only evidence connecting defendant with commission of the crime showed that he acted *alone* and not in relation with other conspirators, *Commonwealth v. Holman*, 237 Pa. Superior Ct. 291, 352 A.2d 159 (1975); the only evidence of conspiracy was that defendant owned the car used in the robbery and possessed blood-stained money that *could* have been taken during the robbery, *Commonwealth v. Walker*, 428 Pa. 244, 236 A.2d 765 (1968); the evidence only connected defendant with possession of stolen cigar bands but there was no evidence implicating other persons therein, *Com-*

*monwealth v. Santana*, 216 Pa. Superior Ct. 183, 264 A.2d 724 (1970); the only evidence connecting defendant with a conspiracy was an ambiguous statement he made to the victims that did not necessarily show that he was involved in the conspiracy, *Commonwealth v. Yobbagy*, 410 Pa. 172, 188 A.2d 750 (1963).

Taking the evidence as well as all reasonable inferences flowing therefrom in the light most favorable to the Commonwealth, *Commonwealth v. Minnich*, supra, we are convinced that the evidence in the present case fails to prove beyond a reasonable doubt that appellants were guilty of conspiracy. There is no direct evidence placing either appellant at the scene of the crime nor is there evidence of any relationship, conduct, or overt acts by the appellants in furtherance of a conspiracy. The Commonwealth asks our Court to infer from all the circumstantial evidence that appellants were at the scene of the crime where they accomplished the purpose of their conspiracy. After we draw this inference, the Commonwealth requests us to add thereto a second inference, i.e., that somehow or other this shows that John Ewing and Kenneth Murray conspired to commit those acts. *See, Commonwealth v. Minnich*, supra. We refuse to pile inference upon inference in order to make the finding that a conspiracy existed. "An inference upon an inference or suspicion and conjecture do not take the place of proof." *Commonwealth v. Yobbagy*, supra at 178, 188 A.2d at 753. In this case there is little evidence that appellants were at the scene of the crime and practically no evidence that they conspired in furtherance of some unlawful purpose. A verdict of guilty of conspiracy beyond a reasonable doubt cannot be sustained.

The judgments of sentence are reversed and appellants are discharged.