364 A.2d 446

**COMMONWEALTH of Pennsylvania**

v.

**Larry BRUNNER, Appellant.**

Superior Court of Pennsylvania.

Sept. 27, 1976.

56

Calvin S. Drayer, Jr., Asst. Public Defender, Norristown, for appellant.

Milton O. Moss, Dist. Atty., William T. Nicholas, 1st. Asst. Dist. Atty., Stewart J. Greenleaf, Asst. Dist. Atty., Chief, Appeals Div., Norristown, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

SPAETH, Judge:

Appellant was indicted for criminal conspiracy, possession of a prohibited offensive weapon, and violations of the Controlled Substance, Drug, Device and Cosmetic Act, Act of April 14, 1972, P.L. 233, No. 64, § 1 *et seq.*, 35 P.S. § 780–101 *et seq.* On April 21, 1975, in accord-

ance with a negotiated plea agreement, appellant pleaded guilty to selected counts of each indictment. The same day appellant was sentenced to pay costs and undergo imprisonment for two to ten years for possession of a controlled substance with intent to deliver as charged in Indictment No. 4616 of 1974. Sentence was suspended on the other indictments. This direct appeal followed.

Appellant raises two primary issues on appeal: that his guilty plea colloquy was inadequate, and that the sentence was illegal. Appellant is correct on both issues.

■ The guilty plea colloquy was inadequate in that the record does not disclose that the elements of the crime charged were outlined to appellant in understandable terms as required by *Commonwealth v. Ingram*, 455 Pa. 198, 316 A.2d 77 (1974). *See Henderson v. Morgan*, 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976). The record rather discloses that appellant was informed only of the names of the charges against him:

Q. . . . You understand that you are pleading guilty to several crimes, one of which is a possession of a certain weapon to wit: a certain knife.

A. Right.

Q. Do you understand that?

A. Yes.

Q. And you are also pleading guilty to a drug sale and conspiracy to commit a second drug sale. Do you understand that?

A. Right.

■ Appellant's sentence was illegal in that the maximum that appellant could have received on the count of the indictment on which he was sentenced was five years. Indictment No. 4616 states that on September 8, 1974, appellant possessed a controlled substance with in-

tent to deliver. At the guilty plea hearing, the Commonwealth's witness testified that the controlled substance that appellant possessed on that date was phencyclodine (PCP). PCP listed in section 780–104(3)(i)7 of the Controlled Substance Act, 35 P.S. § 780–104(3)(i)7 as a Schedule III drug. Appellant was charged with violating section 780–113(a)(30). Subsection (f)(2) of that section provides:

(f) Any person who violates clause (14) or clause (30) of subsection (a) with respect to:

(1) . . .

(2) Any other controlled substance or counterfeit substance classified in Schedule I, II, or III, is guilty of a felony and upon conviction thereof shall be sentenced to imprisonment not exceeding *five years,* or to pay a fine not exceeding fifteen thousand dollars ($15,000), or both. (Emphasis added.)

Since the guilty plea was inadequate, appellant should be permitted to withdraw his plea and should be granted a new trial. Such a disposition eliminates the necessity for remanding for the lower court to impose a legal sentence.

We cannot simply reverse and remand this case, however, without considering *Commonwealth v. Roberts*, 237 Pa.Super. 336, 352 A.2d 140 (1975). There we quoted *Commonwealth v. Lee*, 460 Pa. 324, 333 A.2d 749, 750 (1975), which stated:

We reiterate that, in cases such as the one at bar where the only challenge to the proceedings in the trial court is directed to the validity of the guilty plea itself, the proper procedure is first to file with that court a petition to withdraw the plea. See *Commonwealth v. Zakrzewski*, 460 Pa. 528, n. 1, 333 A.2d 898, n. 1. [filed March 18, 1975]; *Commonwealth v. Starr*, 450 Pa. 485, 488, 301 A.2d 592, 594 (1973). It is for the

court which accepted the plea to consider and correct, in the first instance, any error which may have been committed.

> *Commonwealth v. Roberts, supra* at 357, 352 A.2d at 141.

We then hold that strict compliance with this procedure would thereafter be required. *Id.*, n. 1. We therefore refused to consider the merits, although the only challenge was the adequacy of the on-the-record colloquy, and remanded to permit the appellant to file a motion to withdraw his plea *nunc pro tunc.*

■ ■ Both *Roberts* and *Lee*, however, are limited by their own language to situations where "the only challenge to the proceedings in the trial court is directed to the validity of the guilty plea itself." *Commonwealth v. Lee, supra* at 327, 333 A.2d at 750; *Commonwealth v. Roberts, supra* at 357, 352 A.2d at 141. Here appellant has also challenged the legality of his sentence. Interests of judicial economy would not be served by declining to reach the merits in such a case, and remanding for filing of a withdrawal petition. First, there has until now been no analogous requirement that a defendant petition the lower court to vacate an illegal sentence. Furthermore, the issue of an illegal sentence can never be waived. *Commonwealth v. Walker*, 468 Pa. 323, 362 A. 2d 227 (1976); *Commonwealth v. Lane*, 236 Pa.Super. 462, n. 5, 345 A.2d 233, n. 5 (1975), allocatur denied (1975); *Commonwealth v. Rispo*, 222 Pa.Super. 309, 294 A.2d 792 (1972), allocatur refused, 222 Pa.Superior Ct. xxxii (1972). Second, appellant's accompanying challenge to his plea is directed solely to the adequacy of the on-the-record colloquy, and we can easily decide that issue on the record before us. *See Commonwealth v. Rodgers*, 465 Pa. 379, 350 A.2d 815, 817 (1976) (concurring opinion by POMEROY, J.). Since the issue of the illegal sentence is properly before us, to remand this case

for the filing of a withdrawal petition would be a futile waste of judicial energy.

This disposition, however, should not be regarded as a precedent.

The principal reason for our decision in *Commonwealth v. Roberts, supra,* was that judicial time—which is to say, everyone's time—would be saved if as a matter of procedure it were held that the first step in challenging a guilty plea had to be a petition to withdraw the plea. Thus we said:

> The enforcement of this procedure will give the court which accepted the plea the opportunity to allow the withdrawal of the plea if it was in fact not voluntarily and understandingly made. . . . Strict adherence to this procedure could, indeed, preclude an otherwise costly, time consuming, and unnecessary appeal to this court.

*Id.* at 337, 352 A.2d at 141.

This reasoning also applies where the complaint is that the sentence was illegal. If the sentencing court is asked to vacate the sentence, and to impose a legal sentence, at least in many cases the petition will be granted, for (as in the present case) there will be no doubt that in fact the sentence was illegal. An appeal to this court, with its attendant expense and delay, will thereby be avoided.

■ Accordingly, from now on we shall expect that when the defendant challenges the legality of the sentence, his counsel will, before appealing to us, file a petition with the sentencing court asking that the sentence be vacated, and a legal sentence be imposed. If the court denies the petition, then on appeal we shall consider whether the sentence was legal. It would not be fair to insist upon that procedure here, for as noted above, until now no such procedure has been required.

The order of the lower court is reversed and the case is remanded for further proceedings in accordance with this opinion.

JACOBS and VAN der VOORT, JJ., concur in the result.