369 A.2d 768

COMMONWEALTH of Pennsylvania

v.

**Anna BLOSSER, Appellant.**

Superior Court of Pennsylvania.

Submitted April 12, 1976.

Decided Feb. 18, 1977.

John J. Dean and Anthony J. Lalama, Pittsburgh, for appellant.

Robert L. Campbell and Robert L. Eberhardt, Assistant District Attorneys, and John J. Hickton, District Attorney, Pittsburgh, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge:

On March 12, 1975, the appellant was convicted by the court below, sitting without a jury, of criminal conspiracy [1] and theft by deception.[2] The appellant now contends that the evidence adduced at trial by the Commonwealth was insufficient to sustain the convictions.

In determining whether the evidence was sufficient to support a verdict of guilty, we view the Commonwealth's evidence as true and recognize that the

1. 18 Pa.C.S. § 903.
2. 18 Pa.C.S. § 3922.

prosecution is entitled to all reasonable inferences therefrom. *Commonwealth v. Eiland,* 450 Pa. 566, 301 A.2d 651 (1973); *Commonwealth v. Portalatin,* 223 Pa.Super. 33, 297 A.2d 144 (1972). So viewed, the record reveals the following.

On August 31, 1974, the Keating Volunteer Fire Company of Ross Township near Pittsburgh conducted a raffle having as first prize a new automobile. The custom at this annual drawing was to seek nonresident volunteers from the audience to pick the winning ticket. The appellant and her two co-defendants [3] responded to this request, ascended the stage, and stated that they resided in Ohio, Texas, and New York.[4] The record shows that the hand of co-defendant Higgins, who was wearing a long-sleeve dress, could not be seen as she reached into the raffle basket bursting with ticket stubs. The winning ticket, wrinkled whereas all others were smooth, was that of one D. M. Kraft of R.D. # 2, Beaver, Pennsylvania. Subsequent investigation revealed that no D. M. Kraft resided at any Beaver County address. Shortly after the drawing, a woman, who identified herself as D. M. Kraft, telephoned the fire-house and inquired about her prize. This call aroused the suspicions of several firemen because the fire-house has an unlisted number. On September 3, 1974, appellant's co-defendant Lechner, returned to the fire-house, represented herself as D. M. Kraft, and received her prize. Co-defendant Higgins accompanied Lechner to the fire-house.

Six weeks prior to the Keating fire-house raffle, a similar drawing was held at the Cherry City Volunteer Fire Department in Shaler Township. At Cherry City, the practice had developed to ask out-of-state residents driving past the fire-house to select the winning ticket. Just

3. The two co-defendants were also convicted of conspiracy and theft by deception.

4. The record shows that all three co-defendants are residents of Canton, Ohio.

as the raffle officials were seeking nonresident volunteers, the appellant, and co-defendant Higgins, drove past the fire-house, located on a local road. In a situation similar to the Keating drawing, co-defendant Higgins, again wearing a long-sleeve dress and observed by the appellant, drew the winning ticket. The winner of the $5,000 first prize was no other than D. Lechner, appellant's co-defendant. As at Keating, the residence information on the ticket was false. On July 21, 1974, co-defendant Lechner appeared and collected the $5,000 prize.

[2, 3]   While the Commonwealth must prove every essential element of a crime beyond a reasonable doubt, it is well established that the Commonwealth may sustain this burden by means of circumstantial evidence. *E. g., Commonwealth v. Cimaszewski*, 447 Pa. 141, 288 A.2d 805 (1972). Thus, the Commonwealth is not required to prove directly a formal agreement in order to establish the existence of a conspiracy. "Although the evidence must show more than a mere association to establish the conspiracy, '[a] conspiracy may be inferentially established by showing the relation, conduct, or circumstances of the parties, and the overt acts on the part of the co-conspirators have uniformly been held competent to prove that a corrupt confederation has in fact been formed.'" *Commonwealth v. Minnich*, 236 Pa.Super. 285, 288, 344 A.2d 525, 526 (1975), *quoting Commonwealth v. Horvath*, 187 Pa.Super. 206, 211, 144 A.2d 489, 492 (1958).

Although the Commonwealth presented no direct evidence that the appellant and her two co-defendants had conspired to "fix" the two raffles, the evidence adduced at trial concerning the circumstances of the drawings could certainly have induced the trial judge to conclude that such an understanding had occurred. Both raffles were conducted by volunteer fire companies locat-

ed very close together.  Also, the appellant was present on both occasions when her co-defendant Higgins drew the winning number.  In both instances, the appellant's co-defendant Lechner was the winner, once under her own name and once under the name of D. M. Kraft.  In both instances, the winner's residence information was fictitious.  The appellant was on the stage at the Keating fire-house where she volunteered, along with her two co-defendants, to draw the winning ticket.  The appellant was also the driver of the automobile stopped at the Cherry City fire-house.  We believe this evidence sufficient to support the factfinder's conclusion that a conspiracy had occurred.  " 'Where the existence of a conspiracy is established, the law imposes upon a conspirator full responsibility for the natural and probable consequences of acts committed by his fellow conspirator or conspirators if such acts are done in pursuance of the common design or purpose of the conspiracy.' " *Commonwealth v. Eiland*, 450 Pa. 566, 570, 301 A.2d 651, 653 (1973), *quoting Commonwealth v. Thomas*, 410 Pa. 160, 165, 189 A.2d 255, 258 (1963).

The judgment of sentence is affirmed.