375 A.2d 184

COMMONWEALTH of Pennsylvania

v.

Arthur MARVIN, Jr., Appellant.

Superior Court of Pennsylvania.

Argued June 21, 1976.

Decided June 29, 1977.

Ulric J. McHale, Forest City, for appellant.

Edward P. Little, Jr., District Attorney, Montrose, submitted a brief for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

SPAETH, Judge:

Appellant was indicted at No. 66 April Term 1975 for burglary, theft, and receiving stolen property, and at No. 67 April Term 1975 for burglary, theft and receiving stolen property. The indictments arose out of separate incidents but were consolidated for trial. On May 2, 1975, appellant pleaded not guilty to all charges, but on June 23 he withdrew his pleas and pleaded guilty on indictment No. 66 to the reduced charge of aiding theft and on indictment No. 67 to the reduced charge of aiding burglary. On September 30 sentence was imposed on each indictment. Appellant contends that the colloquy preceding his pleas was inadequate, and that the sentences were excessive and confusing.

In *Commonwealth v. Roberts*, 237 Pa.Super. 336, 352 A.2d 140 (1975), we held that before a guilty plea could be attacked on direct appeal the defendant must file in the lower court a petition to withdraw the plea. However, in

454

*Commonwealth v. Brunner*, 243 Pa.Super. 55, 364 A.2d 446 (1976), we somewhat softened this rule. There we said:

Both [*Commonwealth v. Roberts, supra*, and *Commonwealth v. Lee*, 460 Pa. 324, 333 A.2d 749 (1975), on which this court relied in reaching its holding in *Commonwealth v. Roberts, supra*,] are limited by their own language to situations where "the only challenge to the proceedings in the trial court is directed to the validity of the guilty plea itself." . . . Here appellant has also challenged the legality of his sentence. Interests of judicial economy would not be served by declining to reach the merits in such a case, and remanding for filing of a withdrawal petition.

243 Pa.Super. at 59, 364 A.2d at 448.[1]

Similarly, here appellant has challenged not only the validity of his guilty pleas but also his sentences. We shall therefore consider his appeal.

█ The record discloses that at the time appellant entered his guilty pleas the following colloquy on the nature of the crimes charged took place:

Q. Has your attorney explained the charges to you which you face. In other words, the basic crime here would be one of burglary and theft . . .. In other words, the *burglary is the entering of someplace where you have no right to be. The theft is taking the property of another.*
A. Yes.

Q. That by pleading—the person commits an offense if he intentionally aids another to accomplish an unlawful object of a crime as by safeguarding the proceeds thereof or converting the proceeds into negotiable funds . . .

---

1. We went on to hold:

[F]rom now on we shall expect that when the defendant challenges the legality of the sentence, his counsel will, before appealing to us, file a petition with the sentencing court asking that the sentence be vacated, and a legal sentence be imposed. If the court denies the petition, then on appeal we shall consider whether the sentence was legal. It would not be fair to insist upon the procedure here, for as noted above, until now no such procedure has been required. *Id.* 243 Pa.Super. at 60, 364 A.2d at 449.

The opinion was handed down on September 27, 1976.

Do you understand that the offenses that you are charged with would be your aiding in these crimes and would make this a felony of the third degree and the Court could then sentence you to pay a fine of $15,000 or sentence you to a term of imprisonment of not more than seven years.

N.T. Hearing 6/23/75 at 4–5 (emphasis added).

This was an erroneous explanation, both of burglary and of theft. With respect to burglary, the Crimes Code provides:

A person is guilty of burglary if he enters a building or occupied structure . . . with intent to commit a crime therein, unless the premises are at the time open to the public . . .

Act of Dec. 6, 1972, P.L. 1482, No. 334, § 1, 18 Pa.C.S. § 3502(a).

With respect to theft, the Crimes Code provides:

A person is guilty of theft if he unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof.

*Id.*, 18 C.P.S. § 3921(a).

In *Commonwealth v. Ingram*, 455 Pa. 198, 316 A.2d 77 (1974), our Supreme Court held:

[T]o demonstrate a defendant's understanding of the charge, the record must disclose that the elements of the crime or crimes charged were outlined in understandable terms.

*Id.* 455 Pa. at 203–04, 316 A.2d at 80.

Since here this was not done, appellant's challenge to the validity of his guilty pleas must be sustained. Given this disposition, we do not reach appellant's contentions regarding his sentences.

The judgments of sentence are vacated and the record is remanded for further proceedings consistent with this opinion.

JACOBS, J., did not participate in the consideration or decision of this case.

WATKINS, President Judge, and PRICE, J., concur in the result.