390 A.2d 1315

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Robert Glenn SMITH, Appellant.**

Superior Court of Pennsylvania.

Submitted April 15, 1977.

Decided July 12, 1978.

436

Ralph T. Forr, Jr., Assistant Public Defender, Altoona, for appellant.

Edward S. Newlin, Special Assistant District Attorney, Waynesboro, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

VAN der VOORT, Judge:

On September 23, 1976, appellant Robert Glenn Smith entered a plea of guilty to six charges of burglary, two charges of theft, one charge of corruption of the morals of a minor, and one charge of attempted escape. Appellant was sentenced the same day to serve a total of 3½ to 12 years imprisonment, to pay fines totaling $1,000, and to make restitution. On October 20, 1976, appeal was taken from the

judgment of sentence; the following day, a petition to withdraw the guilty plea was filed. Hearing was held on the petition on November 2, 1976, and the lower court entered an order the same day denying the petition.

On appeal to our Court, appellant first argues that his guilty plea was not voluntary, knowing and intelligent because: 1) he was overwhelmed by his first appearance in criminal court, 2) his lack of education [appellant did not complete his senior year of high school] deprived him of the opportunity to intelligently make such a decision, and 3) he lacked the age [appellant was 18 at the time], maturity, and intelligence to voluntarily enter the guilty plea with a full understanding of the consequences. Pa. R.A.P. 1701(a), in effect at the time the appeal was taken, states the general rule: "Except as otherwise prescribed by these rules, after an appeal is taken or a petition for allowance of appeal is filed in a matter or review of a quasijudicial order is sought, the lower court or other government unit may no longer proceed further in the matter." Since appellant in the case before us filed his petition to withdraw his guilty plea *after* he filed his appeal to our court, under Rule 1701(a) the lower court lacked the power to hold a hearing to consider appellant's petition. We find appellant's petition to withdraw his guilty plea to be a nullity, and we are foreclosed from reaching the merits of the petition.

Appellant next argues that the sentences imposed were excessive [1] in light of various circumstances: a broken home, a drug and alcohol problem, the lack of a prior criminal record, the fact that he had just been laid off from work, and his youthfulness. Although our Court clearly has the power to reduce sentences which are manifestly excessive, we prefer generally to rely on the good judgment of

1. In *Commonwealth v. Brunner*, 243 Super. 55, 60, 364 A.2d 446 (1976), we established a new Rule that a person desiring to challenge a sentence as being illegal must first file a petition in the court below asking it to reconsider the sentence, because of the strong likelihood that the court below would want to correct the sentence. We feel that requiring such a petition to reconsider a sentence because it is allegedly excessive would not be appropriate because it would be unlikely that the court below would desire to change the sentence.

the trial court. *Commonwealth v. Riggins,* 232 Pa.Super. 32, 332 A.2d 521 (1974). We have reviewed the record in this case, and we do not believe that the sentences imposed, 3½ to 12 years imprisonment, fines totaling one thousand dollars, and restitution, on six charges of burglary, two charges of theft, one charge of corrupting the morals of a minor, and one charge of escape, were excessive.

Judgment of sentence affirmed.

SPAETH, J., files a Concurring Opinion, in which JACOBS, President Judge, joins.

HOFFMAN, J., files a Dissenting Opinion.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.

SPAETH, Judge, concurring:

I agree with Judge HOFFMAN that the lower court's lack of jurisdiction to consider appellant's petition to withdraw his guilty plea has no bearing on our ability to consider the issue on appeal.

Appellant does not challenge the adequacy of the colloquy held pursuant to Pa.R.Crim.P. 319. Rather, he avers that "[h]e was overwhelmed by his first appearance in criminal court," and that "his lack of education deprived him of the opportunity to intelligently make  .   .   .   a decision" to plead guilty. Under normal circumstances, we would remand to allow appellant to file a petition to withdraw his plea, so that the lower court could hear testimony on his averments. Here, however, such testimony has already been taken, albeit in proceedings that were, as the majority points out, a nullity. Under these circumstances a remand and a duplicative hearing would be a waste of time and resources. Appellant was unable to persuade the lower court of the involuntariness of his plea, and the transcript of the hearing shows me no reason to overturn the lower court's finding.

As to the claim of excessive sentence: the majority does not allude to the need for stated reasons for the sentence imposed. *Commonwealth v. Kostka,* 475 Pa. 85, 379 A.2d 884 (1977); *Commonwealth v. Riggins,* 474 Pa. 115, 377 A.2d

140 (1977); *Commonwealth v. Wertz,* 252 Pa.Super. 584, 384 A.2d 933 (1978). By my reading of the record, the lower court did give reasons that, although briefly stated, are sufficient to show that the lower court did not abuse its discretion in choosing the sentence that it did.

JACOBS, President Judge, joins in this opinion.

HOFFMAN, Judge, dissenting:

I dissent. First, I believe that our Court can and should consider appellant's challenge to the voluntariness of his guilty plea. Second, we should remand for resentencing pursuant to *Commonwealth v. Riggins,* 474 Pa. 115, 377 A.2d 140 (1977).

Appellant first contends that his guilty plea was involuntarily entered. The Majority concludes that appellant's petition to withdraw his guilty plea was a "nullity" based on Pa.R.App.P. 1701(a). According to the Majority, Rule 1701(a) precludes both the lower court and our Court from considering appellant's guilty plea. While I agree that Rule 1701 prevents the lower court from considering the voluntariness of the plea, this does not explain why our Court cannot proceed with the voluntariness issue.

Indeed, *Commonwealth v. Marvin,* 248 Pa.Super. 452, 375 A.2d 184 (1977) provides authority for our direct review of the voluntariness of the plea. In *Marvin,* supra, our Court held that when an appellant challenges the sentence imposed in addition to the voluntariness of the guilty plea we can consider the voluntariness issue on direct appeal without requiring appellant first to file a petition to withdraw his plea with the lower court. We stated:

"In *Commonwealth v. Roberts,* 237 Pa.Super. 336, 352 A.2d 140 (1975), we held that before a guilty plea could be attacked on direct appeal the defendant must file in the lower court a petition to withdraw the plea. However, in *Commonwealth v. Brunner,* 243 Pa.Super. 55, 364 A.2d 446 (1976), we somewhat softened this rule. There we said:

'Both [*Commonwealth v. Roberts, supra;* and *Commonwealth v. Lee,* 460 Pa. 324, 333 A.2d 749 (1975), on which this

court relied in reaching its holding in *Commonwealth v. Roberts, supra,*] are limited by their own language to situations where "the only challenge to the proceedings in the trial court is directed to the validity of the guilty plea itself." . . . Here appellant has also challenged the legality of his sentence. Interests of judicial economy would not be served by declining to reach the merits in such a case, and remanding for filing of a withdrawal petition.' 243 Pa.Super. at 59, 364 A.2d at 448." *Marvin,* supra, 248 Pa.Super. at 453, 375 A.2d at 185.

In the instant case, appellant challenges his sentence as well as the voluntariness of the guilty plea. Accordingly, *Marvin* allows consideration of the voluntariness of the plea.

Second, I dissent from the Majority's affirmance of appellant's sentence. In the instant case, the record is devoid of a statement of reasons for the imposition of the particular sentence chosen. Consequently, our Court cannot undertake the kind of meaningful appellate review of sentencing which our Supreme Court contemplated in *Commonwealth v. Riggins,* 474 Pa. 115, 377 A.2d 140 (1977). Accordingly, I would vacate the judgment of sentence and remand to afford the trial court an opportunity to re-sentence appellant and to include a statement of reasons for the sentence imposed.