400 A.2d 204

**COMMONWEALTH of Pennsylvania,**

v.

**Curtis STOKES, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 26, 1978.

Decided March 28, 1979.

516

Lester G. Nauhaus, Assistant Public Defender, Deputy Director, Pittsburgh, for appellant.

Robert E. Colville, District Attorney, Pittsburgh, for Commonwealth, appellee.

Before CERCONE, WIEAND and HOFFMAN, JJ.

WIEAND, Judge:

Curtis Stokes entered pleas of guilty to two counts of delivering heroin and one count of conspiracy to deliver heroin. Pursuant to a plea bargain, other charges against Stokes were dismissed. He was sentenced to serve concurrent terms of imprisonment of not less than 7½ years nor more than 15 years. Petitions to withdraw his pleas of guilty and to reconsider the sentences were filed after sentence had been imposed and were denied by the trial court. Stokes appeals from the judgment of sentence and from the order denying his motion to withdraw the pleas of guilty. He alleges that his pleas of guilty should not have

been accepted because the colloquy and evidence received at the time of entering his guilty pleas revealed that he had a defense of entrapment. He also alleges that there was no factual basis for the entry of a guilty plea to the charge of conspiracy and that his counsel was ineffective for permitting him to enter a plea of guilty to that charge. We find no merit in these arguments and affirm.

The evidence discloses that on October 29, 1976, William Patrick Bowman, a deputy sheriff working undercover, was introduced to appellant and one Charles Williams. Bowman told appellant that he wanted to purchase some heroin, whereupon appellant set a price of $550 for a quarter ounce of "good quality heroin." Bowman paid this amount and appellant left to get the heroin. Several hours later he returned and requested an additional $50 for the heroin. Bowman paid this additional sum and received the heroin.

On November 3, 1976, Bowman called appellant and told him he wanted to buy more heroin. Appellant said he would get the heroin, and it was agreed that the delivery would take place at appellant's home. When Bowman arrived, however, appellant and his wife informed Bowman that they only had ¼ ounce but assured him they could get more and would have it if Bowman returned in several hours. Bowman returned as requested, and a discussion ensued concerning the quality of the heroin. As a result, a new price was negotiated between Bowman and appellant's wife. When the negotiated price had been paid, a quantity of heroin was delivered to Bowman. Bowman subsequently learned that the heroin was deficient by ¼ ounce. He called to complain, and appellant's wife answered the call. She arranged for the delivery of an additional amount of heroin to make up the shortage.

■ The standard for determining when a petition to withdraw a guilty plea, filed after sentencing, should be granted was set forth in *Commonwealth v. Starr*, 450 Pa. 485, 490, 301 A.2d 592, 595 (1973), as follows: "Where, as here, the withdrawal of the plea is sought only after sentence has been imposed, a showing of prejudice on the order

of manifest injustice is required before withdrawal is properly justified." Accord: *Commonwealth v. Mitchell,* 262 Pa.Super. 268, 396 A.2d 748 (1978); *Commonwealth v. Rosmon,* 477 Pa. 540, 384 A.2d 1221 (1978). There is in the instant case no manifest injustice to warrant the withdrawal of appellant's guilty pleas.

■ The test for entrapment appears in 18 Pa.C.S.A. § 313(a)[1] as follows:

"(a) General rule.—A public law enforcement official or a person acting in cooperation with such an official perpetrates an entrapment if for the purpose of obtaining evidence of the commission of an offense, he induces or encourages another person to engage in conduct constituting such offense by either:

(1) making knowingly false representations designed to induce the belief that such conduct is not prohibited; or

(2) employing methods of persuasion or inducement which create a substantial risk that such an offense will be committed by persons other than those who are ready to commit it."

This rule calls for an objective evaluation of police conduct to determine whether there is a substantial risk that the offense will be committed by persons innocently disposed. Thus, in order that the defense of entrapment succeed, it must be shown that the police conduct would have induced an innocent person to commit the crime. *Commonwealth v. Jones,* 242 Pa.Super. 303, 363 A.2d 1281 (1976). See also: *Commonwealth v. Lee,* 262 Pa.Super. 218, 396 A.2d 724 (1978).

■ There is no entrapment where, as here, the police conduct, viewed objectively, did no more than afford appellant an opportunity to make a sale of heroin. The undercover agent in the instant case merely provided a market if appellant wished to sell. He let it be known that he was interested in buying heroin, but he did not importune appellant in any way. This did not constitute entrapment. Bow-

1. Crimes Code, Act of Dec. 6, 1972, P.L. 1482, No. 334, § 1.

man's conduct was not calculated to induce an innocent person to deal in heroin.

When appellant entered his plea of guilty, neither he nor his counsel contended that he had been improperly induced to sell heroin. There was no suggestion of any defense that would prevent the trial court's acceptance of appellant's tendered plea. The colloquy discloses a plea that was entered knowingly, intelligently, and voluntarily. It was not rendered invalid by the trial court's failure to advise appellant of all possible defenses available to him. *Commonwealth v. Johnson,* 460 Pa. 169, 177, 331 A.2d 473, 476–7 (1975).

Appellant's contention that there was no factual basis for accepting a plea of guilty to the charge of conspiring with his wife to sell heroin on November 3, 1976 is also without merit. The crime of conspiracy is defined in 18 Pa.C.S.A. § 903(a)[2] as follows:

"A person is guilty of conspiracy with another person or persons to commit a crime if with the intent of promoting or facilitating its commission he:

(1) agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime; or

(2) agrees to aid such other person or persons in the planning or commission of such crime or of an attempt or solicitation to commit such crime."

In *Commonwealth v. Minnich,* 236 Pa.Super. 285, 288, 344 A.2d 525, 526 (1975), this Court said: "The essence of every criminal conspiracy is a common understanding, no matter how it comes into being. *Commonwealth v. Yobbagy,* 410 Pa. 172, 188 A.2d 750 (1963); *Commonwealth v. Strantz,* 328 Pa. 33, 195 A. 75 (1937). The Commonwealth, however, is not required to prove directly an explicit or formal agreement in order to establish the existence of a conspiracy. Although the evidence must show more than a mere association to establish the conspiracy, '[a] conspiracy may be

2. Crimes Code, Act of Dec. 6, 1972, P.L. 1482, No. 334, § 1.

inferentially established by showing the relation, conduct, or circumstances of the parties, and the overt acts on the part of co-conspirators have uniformly been held competent to prove that a corrupt confederation has in fact been formed.' *Commonwealth v. Horvath*, 187 Pa.Super. 206, 211, 144 A.2d 489, 492 (1958)." Accord: *Commonwealth v. Blosser*, 245 Pa.Super. 558, 369 A.2d 768 (1977); *Commonwealth v. Ewing*, 240 Pa.Super. 239, 368 A.2d 340 (1976).

In the instant case, the evidence established a factual basis for a plea of guilty to conspiracy. On November 3, 1976, Bowman's initial contact was with appellant, who agreed to get heroin and deliver it to Bowman at appellant's home. Subsequently, Bowman negotiated with both appellant and his wife individually and also with both of them jointly. Both were variously present during and participated in the negotiations which led to a sale of heroin. The circumstances surrounding the transaction clearly implied a husband and wife agreement to participate with and assist each other in effecting that sale.

Because there was a factual basis for entering a plea of guilty to the charge of conspiracy, appellant's counsel was not ineffective for failing to suggest otherwise.

The judgment of sentence and the order denying appellant's motion to withdraw his pleas of guilty are affirmed.