414 A.2d 1056

**COMMONWEALTH of Pennsylvania,**

v.

**George BANE, Appellant.**

Superior Court of Pennsylvania.

Submitted April 12, 1979.

Filed Nov. 9, 1979.

Lester G. Nauhaus, Public Defender, Pittsburgh, for appellant.

Robert L. Eberhardt, Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

Before CERCONE, President Judge, and WIEAND and HOFFMAN, JJ.

WIEAND, Judge:

George Bane, a 16 year old juvenile, was certified by the Family Division of the Court of Common Pleas of Allegheny County for trial as an adult on charges of burglary, theft, receiving stolen property, and conspiracy. On July 14, 1977, he entered a plea of guilty to all counts, and on September 21, 1977, he was sentenced to the State Correctional Institution at Camp Hill. Less than a week later he filed a petition

to withdraw his plea of guilty. Following hearing thereon, his request was denied, and an appeal was filed to this court. We affirm.

■ Where, as here, the withdrawal of a guilty plea is sought only after sentence has been imposed, a showing of prejudice on the order of manifest injustice is required before withdrawal can be justified. *Commonwealth v. Starr*, 450 Pa. 485, 490, 301 A.2d 592, 595 (1973); *Commonwealth v. Stokes*, 264 Pa.Super. 515, 516, 400 A.2d 204, 205 (1979); *Commonwealth v. Mitchell*, 262 Pa.Super. 268, 396 A.2d 748 (1978).

■ In this case, appellant has demonstrated no manifest injustice that would warrant the withdrawal of his guilty plea. The colloquy conducted by the trial judge, as appellant concedes, was thorough and complete. There is no suggestion that appellant is innocent of the crimes charged or that his plea of guilty was unintelligently or involuntarily entered.

■ At the hearing before the court below, appellant argued that he should be permitted to withdraw his plea of guilty because his mother was not present when his plea was entered. We know of no decision which requires that in order for a valid plea of guilty to be entered by a juvenile he must be accompanied not only by counsel but by a parent as well. On the contrary, after a juvenile has been certified for trial as an adult, he must be treated as an adult and accorded the rights thereof. *Commonwealth v. Frisby*, 451 Pa. 16, 301 A.2d 610 (1973).

The evidence in this case, moreover, unequivocally refutes any assertion that the guilty plea was manifestly unfair or unjust. In the first place, the plea of guilty had been discussed with appellant's mother prior to its entry, and she had acquiesced therein. Secondly, appellant was represented by competent counsel who was present when the plea was entered. See: *Commonwealth v. Smith*, 472 Pa. 492, 372 A.2d 797 (1977). Finally, the completeness of the colloquy and appellant's responses thereto make it clear that he

understood the basis for and the consequences of the plea which he was entering.

The denial of appellant's petition to withdraw his plea of guilty and the judgment of sentence, therefore, are affirmed.

CERCONE, President Judge, files a concurring opinion.

CERCONE, President Judge, concurring:

In our view, the Majority erroneously decides an issue which has not been properly preserved for appellate review. As the Majority apparently concedes, ante at 1057, the argument that Mr. Bane's guilty plea was not knowing, intelligent, or voluntary, because of the absence of his mother was not presented to the withdrawal court *until the hearing on the motion* to withdraw. In Mr. Bane's Rule 321(a) motion,[1] he merely asserted, in boilerplate fashion, that his "plea was not made voluntarily, knowingly, or intelligently." Certified Record at 5. Having failed in this motion to advance the argument that his plea was constitutionally infirm because he was a minor who did not have the opportunity to consult with a parent immediately prior to or during the colloquy. We would hold, as the court below did, that Mr. Bane failed to properly preserve this precise issue for review.

While there is no appellate holding precisely on point, we are convinced the rationale of past cases does not support reaching issues, other than those which go to the efficacy of the on the record colloquy, in the absence of their being included in the written motion to withdraw the plea. In *Commonwealth v. Jasper*, 472 Pa. 226, 372 A.2d 395 (1976) (per curiam) (on pet. for reargument) the Commonwealth contended that the accused had not properly preserved the issue of the voluntariness of his guilty plea. Waiver of this

---

1. Pa.R.Crim.P. 321(a) (emphasis added) provides:
   A motion challenging the validity of a guilty plea, the legality of a sentence on a guilty plea or the denial of a motion to withdraw a guilty plea *shall be in writing* and shall be filed with the trial court within ten (10) days after imposition of sentence.

issue was urged because the accused failed to specify in his written motion to withdraw the precise defect in the colloquy which had preceded his guilty plea. The Commonwealth further reasoned that this omission prevented an appellate court from examining the record of the colloquy to ascertain whether the accused had been correctly informed of his rights under Pa.R.Crim.P. 319. The court rejected this contention finding that Rule 319(a)[2] mandated that both trial and appellate courts alike examine the record of the colloquy to determine the constitutional validity of the plea. *Id.*, 472 Pa. at 234, 372 A.2d at 399. *See Commonwealth v. Edwards*, 269 Pa.Super. 556, 410 A.2d 841 (1979). *Jasper*, therefore, stands for the narrow proposition that for purposes of deciding whether Rule 319 has been complied with, an allegation that a guilty plea was not knowing, intelligent, or voluntary, is sufficiently specific to put in issue *the validity of the on the record guilty plea colloquy.* *Jasper* cannot be read as holding that issues or grounds, other than defects in the colloquy, are properly preserved in the absence of their being specifically advanced in a written motion to withdraw. In any event, the rationale of *Jasper* does not support reaching all issues concerning a guilty plea when "[t]he colloquy conducted by the trial judge, *as appellant concedes,* was thorough and complete." Opinion of the court, ante at 1057 (emphasis added).

Similarly, in the absence of a specific procedural rule, such as Pa.R.Crim.P. 319, we can generally perceive of no jurisprudential justifications, nor has Mr. Bane brought any to our attention, which compel treating post-sentencing motions under Rule 321 any differently than post-verdict motions under Pa.R.Crim.P. 1123(a)[3]. Indeed, if we are to

2. Rule 319(a) provides in pertinent part:
   Pleas shall be taken in open court. A defendant may plead not guilty, guilty, or, with the consent of the court, nolo contendere. The judge may refuse to accept a plea of guilty, and shall not accept it unless he determines after inquiry of the defendant that the plea is voluntarily and understandingly tendered. Such inquiry shall appear on the record.

3. Rule 1123(a) provides in relevant part:

attain the procedural benefits sought by both our past cases[4] and Rule 321, it seems to us that the principles of waiver applicable to post-verdict motions should be equally applicable to post-sentencing motions under Rule 321.[5]

> Within ten (10) days after a finding of guilt, the defendant shall have the right to file written motions for a new trial and in arrest of judgment. Only those grounds may be considered which were raised in pre-trial proceedings or at trial, unless the trial judge, upon cause shown, allows otherwise. Argument shall be scheduled and heard promptly after such motions are filed, and only those issues raised and the grounds relied upon in the motions may be argued.

4. *E. g., Commonwealth v. Roberts*, 237 Pa.Super. 336, 352 A.2d 140, 141–42 (1975); *see also Commonwealth v. Marvin*, 248 Pa.Super. 452, 453, 375 A.2d 184, 185 (1977); *Commonwealth v. Brunner*, 243 Pa.Super. 55, 59, 364 A.2d 446, 449 (1976).

5. The Comment to Rule 321 supports such an analysis as it significantly begins—"This rule parallels the procedure under Rule 1123, relating to post-verdict motions following trials." Our cases, moreover, also support the above analysis. In explaining why an accused should be required to file a motion to withdraw in the lower court before appealing to this court, we have remarked:

> The purpose behind this procedure can best be illustrated by looking to the area of post-verdict motions. See Pa.R.Crim.P., Rule 1123 and comments thereto. Pennsylvania appellate courts have recently taken the uncompromising position that when an issue is not raised in post-verdict motions it will not be considered on appeal. See *Commonwealth v. Coleman*, 458 Pa. 324, 327 A.2d 77 (1974); *Commonwealth v. Williams*, 458 Pa. 319, 326 A.2d 300 (1974); and *Commonwealth v. Miller*, 232 Pa.Super. 171, 335 A.2d 528 (1975). The reason for this position is that "[t]he swift and orderly administration of criminal justice requires [the] lower courts be given the opportunity to rectify their errors before they are considered on appeal." *Commonwealth v. Reid*, 458 Pa. 357, 358, 326 A.2d 267, 267 (1974).

> The same principals which mandate that issues not raised in post-verdict motions will not be considered on direct appeal mandate that an attack on a guilty plea on direct appeal must be preceded by the filing of a petition to withdraw such plea with the court below. The enforcement of this procedure will give the court which accepted the plea the opportunity to allow the withdrawal of the plea if it was in fact not voluntarily and understandingly made. If the defendant remains unsatisfied with the lower court's disposition of his petition to withdraw his guilty plea, then at that point the issue would be properly preserved and ripe for appellate review. Strict adherence to this procedure could, indeed, preclude an otherwise costly, time consuming, and unnecessary appeal to this court.

*Commonwealth v. Roberts*, 237 Pa.Super. 336, 352 A.2d 140, 141 (1975).

Thus, our Court's enforcement of a uniform application of the waiver doctrine in the context of post-verdict and post-sentencing motions will, for both the accused and the Commonwealth's benefit, facilitate more complete review both at the lower court and appellate levels;[6] assure a higher degree of professional preparedness;[7] and promote judicial economy by enhancing the lower court's opportunity to correct its initial errors, if any. More fundamentally, if we are to administer justice in a fair and even handed manner, which it is our constitutional duty to do,[8] there is no reason why an accused who fails to properly present issues in written post-sentencing motions should be placed in any better position than an accused who fails to properly present issues in written post-verdict motions.

Viewed in this light, we cannot say that the lower court erred when it *sub silento* strictly enforced Rule 321's mandate that "a motion to withdraw a guilty plea shall be in writing." *See generally Commonwealth v. Gravely,* 486 Pa. 194, 404 A.2d 1296 (1979); *see also* and *compare Commonwealth v. Carillo,* 483 Pa. 215, 395 A.2d 570 (1978) (where post-verdict court strictly enforces Rule 1123(a) and refuses

**6.** Where—as in this case—boilerplate motions are filed, the withdrawal court can be deprived of valuable time in researching issues which are to be more fully developed at the later hearing on the withdrawal petition. Here, the lower court apparently misperceived the issue actually urged by Mr. Bane. It was not until the hearing on the motion to withdraw that the lower court was apprised that Mr. Bane was not challenging the lower court's compliance with Rule 319, but rather was contending the plea was invalid for reasons totally aside from the content of the colloquy which preceded his guilty plea.

**7.** The boilerplate motion filed by Mr. Bane may also not have adequately notified the Commonwealth of the issue sought to be developed at the withdrawal hearing. In this regard, the Commonwealth may well have been hindered in presenting its case in opposition to the motion to withdraw.

**8.** *E. g., Mayer v. City of Chicago,* 404 U.S. 189, 193, 92 S.Ct. 410, 414, 30 L.Ed.2d 372 (1971); *North Carolina v. Pearce,* 395 U.S. 711, 724, 89 S.Ct. 2072, 2080, 23 L.Ed.2d 656 (1969); *Rinaldi v. Yeager,* 384 U.S. 305, 310–11, 86 S.Ct. 1497, 1500–01, 16 L.Ed.2d 577 (1966); *Commonwealth v. DeSimone,* 447 Pa. 380, 290 A.2d 93 (1972); *Commonwealth v. Anderson,* 441 Pa. 483, 272 A.2d 877 (1971).

to consider issues not raised in written post-verdict motions, issues are waived on appeal) *and; Commonwealth v. Waters,* 477 Pa. 430, 384 A.2d 234 (1978) (issues not contained in written Rule 1123 motion, but raised orally before post-verdict court, are waived on appeal even though post-verdict court addressed issues on merits) *with Commonwealth v. Baylis,* 477 Pa. 472, 384 A.2d 1185 (1978) (per curiam). Accordingly, while in our view the issue raised in this appeal was not properly preserved for appellate review, we nevertheless, join in the Majority's mandate affirming the lower court's order.