Commonwealth *v.* Raymond, Appellant.

Submitted January 8, 1973. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Donald M. Moser,* and *Lorch, Ryan, Peruto & Vitullo,* for appellant.

*Bonnie Brigance Leadbetter* and *Milton M. Stein,* Assistant District Attorneys, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. CHIEF JUSTICE JONES, May 4, 1973:

This is an appeal from the denial of the appellant's petition for post conviction relief under the provisions of the Post Conviction Hearing Act.[1] Before considering the merits of this appeal it is necessary to detail the rather lengthy appellate review already afforded the appellant.

---

[1] Act of January 25, 1966, P. L. (1965) 1580, 19 P.S. §1180-1 *et seq.* (1972 Supp.).

Edward Albert Raymond was tried before a jury in the Philadelphia Court of Common Pleas for the 1960 slaying of a Philadelphia policeman. On May 11, 1961, the jury returned a verdict of guilty of first degree murder and the appellant was sentenced to death. A direct appeal to this Court was taken, alleging numerous trial errors. We affirmed the conviction.[2] Subsequently the appellant sought habeas corpus relief in the federal courts. His petition was denied by the District Court and that denial was affirmed by the Third Circuit Court of Appeals, which ruled that the appellant could seek relief through state habeas corpus machinery.[3] Thereafter the appellant filed for a state writ of habeas corpus in the Philadelphia Court of Common Pleas. The petition, which alleged that certain statements of the appellant which were admitted at trial should have been excluded because they were not voluntarily made, was denied without a hearing on December 19, 1965. The appellant challenged the correctness of that order in a second appeal to this Court and we remanded the case to the Common Pleas Court with instructions to hold a hearing in accord with *Jackson v. Denno* to determine if the statements had been voluntarily made.[4] The required hearing was held in December of 1969 before Judge SLOANE, who had presided at the initial trial. In addition to the *Jackson-Denno* issue, the appellant also asserted that the jury which convicted him had been improperly selected in violation of the United States Supreme Court's decision

---

[2] *Commonwealth v. Raymond*, 412 Pa. 194, 194 A. 2d 150 (1963), *cert. denied*, 377 U.S. 999, *rehearing denied*, 379 U.S. 873 (1964). The facts of the crime and the jury trial are summarized in this opinion by Mr. Justice EAGEN.

[3] *Commonwealth ex rel. Raymond v. Rundle*, 339 F. 2d 598 (3d Cir. 1964).

[4] *Commonwealth ex rel. Raymond v. Rundle*, 427 Pa. 313, 233 A. 2d 870 (1967). *See Jackson v. Denno*, 378 U.S. 368 (1964).

in *Witherspoon v. Illinois.*[5] Both issues were argued at the hearing and resolved adversely to the appellant.[6] No appeal from these decisions was taken. Throughout all of the above proceedings the appellant was represented by privately retained counsel.

On May 22, 1970, the appellant filed a pro se PCHA petition which was dismissed without a hearing on June 24, 1970. The appellant appealed that dismissal to this Court and we remanded for yet another evidentiary hearing with instructions to the lower court to dispose of all issues raised by the appellant so that the decision in this case, now more than a decade old, could be finalized. In accord with our order a hearing was held on March 24, 1972, before Judge DOTY of the Philadelphia Common Pleas Court. At this hearing the appellant was represented by new counsel and was permitted to raise all issues he deemed worthy of review. The appellant argued three issues at the hearing before Judge DOTY: (1) that he receive a new trial because his original trial counsel did not provide "effective" representation; (2) that he receive a "de novo" *Jackson-Denno* and *Witherspoon* hearing because he was ineffectively represented by trial counsel at the original hearings; and (3) that he receive a hearing to determine if certain changes should be made in the transcribed record of the original trial. On September 6, 1972, Judge DOTY filed a written opinion which denied the appellant's petition. The correctness of the order dismissing this petition is before us in this appeal.

---

[5] 391 U.S. 510 (1968).

[6] The issues were disposed of separately by Judge SLOANE. In a written opinion filed May 15, 1970, he held that the statements in question were freely and voluntarily given and were admissible in evidence against the defendant. On June 6, 1972, a written order was issued holding that there was no violation of the *Witherspoon* doctrine in the jury selection procedure.

The denial of this PCHA petition by the lower court was proper in every respect. There is no merit in any of the appellant's contentions. The allegation that the appellant's trial counsel did not provide effective representation before, during or after trial is unsupportable. The appellant was represented by a capable, privately retained criminal defense attorney. Prior to trial the attorney represented the appellant at the preliminary hearing, filed and argued a bail application, a petition for a writ of habeas corpus and an application for discovery. At the trial, which lasted two weeks, the attorney vigorously cross-examined the Commonwealth's witnesses and presented thirty-two witnesses for the defense. The lengthy list of appeals following the guilty verdict refutes any allegation that the appellant's trial counsel omitted any effort on behalf of his client. Our considered review of the record indicates that the appellant's trial counsel represented the appellant vigorously at every stage of his trial and post-trial proceedings.

The appellant's second contention, that he is entitled to still another *Jackson-Denno* and *Witherspoon* hearing, is equally groundless. In 1967 we remanded this case to the trial court to hold a *Jackson-Denno* hearing. A two-day hearing was held and the issues were resolved adversely to the appellant. No appeal was taken from that decision; hence the issue was finally litigated. Moreover, Judge DOTY considered this issue in the March 1972 hearing and ruled that the statements in question were voluntary. The appellant has not presented any arguments which indicate that the independent findings of the two prior *Jackson-Denno* hearings are in error that would justify the holding of yet another hearing on the issue.

The appellant's related contention that he is also entitled to a de novo *Witherspoon* hearing is moot. As

stated in *Commonwealth v. Lopinson*, 449 Pa. 33, 34, 296 A. 2d 524, 525 (1972) : "Inasmuch as the United States Supreme Court in Furman v. Georgia, 408 U.S. 238 (1972), has ruled that the imposition of the death penalty under statutes such as the one in which the death penalty was imposed upon appellant is violative of the Eighth and Fourteenth Amendments, it is unnecessary for us to consider appellant's claim of non-compliance with the Witherspoon standard." (Footnote omitted.)

The final issue raised by the appellant alleged errors and omissions in the trial transcript. The appellant raised this issue for the first time during his 1969 *Jackson-Denno* hearing. At that time Judge SLOANE, who was the hearing and trial judge, held: "The notes of testimony in Raymond's case were certified nine years ago and have formed the basis of his past motions and appeals. The time is past for challenge to their accuracy." (Opinion of May 15, 1970). We agree. The Act of May 11, 1911, P. L. 279, §4, 12 P.S. §1199, sets up a procedure whereby challenge may be made to the accuracy of notes of testimony prior to their being filed and certified. If no challenge is made prior to the filing of the notes of testimony they are deemed "prima facie accurate whenever thereafter offered." The time is past for any challenge to the notes of testimony.

The order of the lower court denying the appellant's petition for relief under the Post Conviction Hearing Act is affirmed. The sentence of death is vacated and the appellant is sentenced to life imprisonment.