326 A.2d 311
**COMMONWEALTH of Pennsylvania**
v.
**Thurman WALKER, Appellant.**

Supreme Court of Pennsylvania.
Argued May 1, 1973.
Decided Oct. 16, 1974.

**14**

Charles Lowenthal, Philadelphia, for appellant.

Arlen Specter, Dist. Atty., Richard A. Sprague, First Asst. Dist. Atty., Milton M. Stein, Asst. Dist. Atty., Chief, Appeals Div., C. E. Haines, Philadelphia, for appellee.

Before EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

NIX, Justice.

On March 25, 1971, Oliver Williams was shot and killed in the 1867 Bar in North Philadelphia at about 8:00 P.M. Thomas Law testified that appellant was present in the bar at 11:00 A.M. and remained there all day until the shooting. Law saw the appellant walk up to the deceased and shoot him. The owner of the bar, Ernest Jones, who knew the appellant well, also testified that appellant simply walked up to the deceased and shot him. Appellant admitted being in the bar on the day in question, but claimed that he was at home asleep at the time of the incident.

A jury found appellant guilty of murder in the first degree and, after post-trial motions were denied and sentence was imposed, this direct appeal followed.

Understandably, appellant does not challenge the sufficiency of the Commonwealth's evidence against him. Rather he argues that three remarks made by the trial judge (one during the trial and two during the charge to the jury) were unfairly prejudicial.

■ On redirect examination of Mr. Law, the Commonwealth introduced a photograph of the bar and asked Mr. Law to mark the location of the deceased, the appellant, and himself at the time of the shooting. Apparently the witness made a mark and the trial judge interject-

ed, "That is the gunman."[1] Appellant urges that this remark created in the minds of the jury the impression that the court was of the opinion that appellant was the gunman. We cannot agree. When taken in context, it is clear that the remark merely clarified the witness' mark on the photo and in no way reinforced the veracity of his testimony. There is nothing to indicate that the judge agreed with the witness' statements.

■■ Appellant next contends that the following portion of the charge removed the identification issue from the jury:

"Mr. Jones knew [the appellant]. So there is no question about identification."

Reading the charge as a whole, as we must, see *Commonwealth v. Rosciolo*, 454 Pa. 59, 309 A.2d 396 (1973); *Commonwealth v. Cannon*, 453 Pa. 389, 309 A.2d 384 (1973), we conclude appellant's complaint is without foundation. From the following excerpt of the charge, it is clear that the trial judge in no way usurped the jury's power to find that appellant did not perpetrate the killing.

"Now, if you believe that he was not there, then, naturally, you would have to find him not guilty. However, if his alibi raises a reasonable doubt in your mind, then you are duty bound to find him not guilty because as long as there is a reasonable doubt, that reasonable doubt must be resolved in favor of the defendant. If you find a reasonable doubt from the evi-

---

1. In the certified trial record the remark is, "That is the *dead* man." (Emphasis added). The word "dead" appears to have been inserted in place of the word originally transcribed. We must accept the certified notes of testimony as prima facie valid where no challenge to the accuracy is made prior to the filing thereof. See, *Commonwealth v. Raymond*, 451 Pa. 500, 505, 304 A.2d 146 (1973); Act of May 11, 1911, P.L. 279, § 4, 12 P.S. § 1199. Here, however, both parties implicitly agree that the judge said, "That is the gunman." In view of our decision that such statement was not improper, we need not go behind the parties' representation as to what was said.

dence in the case, from any of the evidence, it is your duty to find the defendant not guilty."

The challenged statement was merely an attempt to narrow the issues for the jury's consideration. In view of the length of time that appellant was alleged to have been in the bar and subject to observation by Mr. Jones, who by virtue of their prior relationship would have no difficulty in recognizing the appellant, the question of mistaken identity was clearly not in the case. As the trial judge properly pointed out, the case essentially turned upon the credibility of irreconcilably conflicting testimony. In such a situation, it was clearly proper for the trial judge to exercise his right to clarify the issues for jury. *See Commonwealth v. Goins,* 457 Pa. 594, 321 A. 2d 913 (Decided July 1, 1974). *See also,* ABA Project on Standards for Criminal Justice, Standards Relating to the Trial By Jury, § 4.7(b)(i) (Approved Draft, 1972).

 Finally, appellant objects to the following portion of the charge as an expression of approval of the Commonwealth's evidence.

"now if you believe beyond a reasonable doubt that the defendant shot and killed the victim under the circumstances *as the Commonwealth has proved to you . . .* " (emphasis added).

In our view, when taken in context, the above statement simply indicates that which the Commonwealth's evidence, if believed, tended to establish. Other portions of the charge more than adequately cautioned the jury that they were the sole judge as to credibility of witnesses and that they could only convict if they were convinced of appellant's guilt beyond a reasonable doubt. The appellant's complaint in this regard is also without merit.

Judgment of sentence affirmed.