372 A.2d 395

**COMMONWEALTH of Pennsylvania**

v.

**William JASPER, Appellant.**

Supreme Court of Pennsylvania.

Submitted Oct. 24, 1975.

Decided Jan. 29, 1976.

Reargument Denied March 30, 1976.

John C. Anderson, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., Suzanne B. Ercole, Philadelphia, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION

JONES, Chief Justice.

Appellant, William Jasper, was indicted on March 6, 1974, for the murder of one David Hall which occurred on February 5, 1974. The victim died from gunshot wounds of the chest and thorax. The shooting occurred in a public poolroom and the Commonwealth could produce witnesses who would identify appellant as the person who fired the shots. In addition, appellant confessed to the shooting.

On March 28, 1975, appellant and his attorney appeared before the lower court judge and there appellant pled guilty to murder generally and the District Attorney of Philadelphia stipulated that the evidence rose no higher than murder in the second degree. A lengthy colloquy among the judge, defense attorney, district attorney and the appellant ensued. After a review of the facts the trial judge accepted the plea and found appellant guilty of murder in the second degree. Following a pre-sentencing investigation ordered by the court, appellant was sentenced to a term in prison of not less than two and one half (2½) nor more than ten (10) years. This direct appeal followed.[1]

Here, appellant questions (1) the validity of his guilty plea and (2) whether the evidence was sufficient to war-

1. Jurisdiction in this Court for the appeal from a murder conviction exists pursuant to the Appellate Court Jurisdiction Act, Act of July 31, 1970, P.L. 673, Art. II, § 202(1), 17 P.S. § 211.-202(1) (Supp.1974–1975).

rant a conviction of murder in the second degree. In view of our disposition of the former claim it is not necessary for us to discuss further appellant's latter contention.

The constitutional standard, as well as the reasons therefor, to be applied in testing the validity of a guilty plea is well stated in *Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1969):

> "That a guilty plea is a grave and solemn act to be accepted only with care and discernment has long been recognized. Central to the plea and the foundation for entering judgment against the defendant is the defendant's admission in open court that he committed the acts charged in the indictment. He thus stands as a witness against himself and he is shielded by the Fifth Amendment from being compelled to do so—hence the minimum requirement that his plea be the voluntary expression of his own choice. [Citations omitted]. But the plea is more than an admission of past conduct; it is the defendant's consent that judgment of conviction may be entered without a trial—a waiver of his right to trial before a jury or a judge. Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences." [Citations omitted]. 397 U.S. at 748, 90 S.Ct. at 1468.

This Court has stated this standard in similar language. *See Commonwealth v. Morales*, 458 Pa. 18, 326 A.2d 331 (1974); *Commonwealth v. Ingram*, 455 Pa. 198, 316 A. 2d 77 (1974); *Commonwealth v. Slavik*, 449 Pa. 424, 297 A.2d 920 (1972); *Commonwealth v. Enty*, 442 Pa. 39, 271 A.2d 926 (1971).

Rule 319 of our Rules of Criminal Procedure provides:

> "(a) *Generally.* A defendant may plead not guilty, guilty, or, with the consent of the court nolo contend-

ere. The judge may refuse to accept a plea of guilty, and shall not accept it unless he determines after inquiry of the defendant that the plea is voluntarily and understandingly tendered. Such inquiry shall appear on the record."

This rule codifies the above constitutional standard as well as the so-called "preferred practice" adopted by this Court in *Commonwealth ex rel. West v. Rundle,* 428 Pa. 102, 237 A.2d 196 (1968), where we stated that the trial judge should, "conduct an *on the record examination* of the defendant which should include, inter alia, an attempt to satisfy itself that the defendant understands the nature of the charges, his right to a jury trial, the acts sufficient to constitute the offenses for which he is charged and the permissible range of sentences." 428 Pa. at 106, 237 A.2d at 198. (Emphasis added).

Our review of the instant record fails to demonstrate that William Jasper tendered a voluntary and understanding plea. The record contains a glaring misrepresentation on the part of the Assistant District Attorney during the colloquy which so taints the colloquy as to render it impossible for us to make a finding of a constitutionally valid plea. The misrepresentation is contained in the following exchange:[2]

"Q. Do you understand that it is all up to His Honor?

A. Yes.

Q. Understanding that, you are pleading guilty to murder generally. The Commonwealth is certifying that it is not first degree. If it is second degree murder, understand murder is an unlawful killing that is accompanied by what we call malice. Malice as it is defined in the law is a general wantoness [sic]. That is a recklessness, a mind reckless of the consequences of one's act. Do you understand what I am talking about?

2. Record, vol. I, at 15, 16.

A.  Yes.

Q.  Voluntary Manslaughter, *which is the only crime that His Honor could adjudicate you guilty of*, is an unlawful killing that is somehow provoked, legally provoked; do you understand that?

A.  Yes."  [Emphasis added].

This misrepresentation becomes all the more devastating when we consider the present facts—that is, that William Jasper had been severely beaten and robbed by several youths immediately prior to the shooting, so that the murder arguably was done in the heat of passion.  Regardless of the clear possibility in this case of a voluntary manslaughter verdict, the appellant was pleading guilty to murder, generally, and it was incumbent upon the Commonwealth to enlighten the defendant "in understandable terms" as to the nature of the charges.  *Commonwealth v. Ingram*, 455 Pa. 198 at 204, 316 A.2d 77 at 80 (1974); *Commonwealth v. Campbell*, 451 Pa. 465 at 467, 304 A.2d 121, 122 (1973).

The record also indicates that appellant was seventy-nine years old, had no formal education, was taking medication daily for head injuries and responded to the questioning which constituted the essence of the colloquy with monosyllabic answers.  Faced with these factors and the above mentioned misrepresentation by the attorney for the Commonwealth, we cannot say that the record demonstrates an awareness, on the part of the appellant, of the nature of the charges.  The guilty plea in this case is constitutionally infirm.  Therefore we reverse.  New trial ordered.

Judgment of sentence reversed.

POMEROY, J., filed a concurring opinion in which MANDERINO, J., joins.

POMEROY, Justice (concurring).

I agree that the trial court should not have accepted appellant's plea of guilty to murder generally after the

district attorney represented to appellant that voluntary manslaughter was the only crime of which appellant could be convicted. I am also of opinion that the Court properly reaches the merits of appellant's challenge to his guilty plea, despite the fact that no petition to withdraw the plea was filed in the trial court. See my concurring opinion in *Commonwealth v. Rodgers,* 465 Pa. 379, 350 A.2d 815 (1976). Accordingly, I join in the reversal of the judgment of sentence and the remanding of the case for a new trial.

MANDERINO, J., joins in this concurring opinion.

PER CURIAM.

## ORDER

### On Petition for Reargument

AND NOW, this 30th day of March, 1976, it is hereby ORDERED and DECREED that the Petition for Reargument in the above-captioned matter is denied.

The heart of this petition for reargument is the allegation by the District Attorney that there is a typographical error in the official transcript, upon which this Court relied in reaching its decision that William Jasper's guilty plea to murder generally was constitutionally infirm. The disputed question by the Assistant District Attorney, as it appears in the certified transcript, was:

"Q. Voluntary manslaughter, which is the *only* crime that his Honor could adjudicate you guilty of, is an unlawful killing that is somehow provoked, legally provoked; do you understand that?" [Emphasis added]

It is said that the word "only" should have been the word "other" and since the District Attorney's office has stated that, the reargument petition should be granted.

Initially, it should be noted that the answer to this petition contains a specific denial that the transcript con-

tained an error. Faced with this denial, the petitioner would then have had to produce some positive evidence that an error was, in fact, made. Here, no affidavit from the stenographer or replication of the record was produced in either the petition or the reply by the Commonwealth. The only indication that the record contained an error is the bald assertion as to what the former Assistant District Attorney said when he contacted the petitioner's office. We therefore see no reason for reaching the question of whether or not the statutorily imposed prima facie validity attendant a certified transcript * should be dispelled.

This disposition is consistent with the statutorily created procedure for making alterations to a record as well as with a number of cases decided by this Court on this point. *See Commonwealth v. Young,* 456 Pa. 102, 317 A.2d 258 (1974); *Commonwealth v. Raymond,* 451 Pa. 500, 304 A.2d 146 (1973); *Commonwealth v. Kulik,* 420 Pa. 111, 26 A.2d 73 (1966).

In *Commonwealth v. Young, supra,* when faced with a trial judge's attempt in a memorandum opinion to cure a defect in the record concerning the charge to the jury on the reasonable doubt standard, we stated:

"However, this Court is statutorily bound to regard the transcribed record as 'prima facie accurate' . . . Section 1199 establishes the *sole* procedure for correcting errors in the transcribed record of trial. Objections must be made within fifteen days of notice that the record is transcribed and will be filed . . . . .

Here, no objections were made to the record by either party, no hearing held, and no order made. In short, no attempt was made to comply with section 1199. . . . *In view of the explicit statutory procedure, this Court may not accept as correctly reflecting what*

---

* Act of May 11, 1911, Public Law 279, Section 4, 12 P.S. Section 1199.

*occurred at trial, anything other than the original record or record as corrected in accordance with section 1199."* [Emphasis added].

456 Pa. at 113, 317 A.2d at 263 (1974). *See also Commonwealth v. McDonald,* 459 Pa. 17, 326 A.2d 324 (1974); *Commonwealth v. Walker,* 459 Pa. 12, 326 A.2d 311 (1974). The attempt to correct the record in the *Young* case occurred before the case was argued in this Court and before any decision was reached on the appeal and still this Court would not accept the suggested correction. Here, no attempt was made to correct the alleged error prior to a final decision on the merits by this Court. We perceive no reason for treating this petition any differently than this issue was treated in the *Young* case.

■ The Commonwealth nowhere contends that it did not have the full fifteen days to review the notes of testimony prior to certification, nor does it offer an explanation for its failure to comply with Section 1199. In view of the strict compliance with this rule required by our case law, we must at this stage disregard the alleged transcription error.

■ As an alternative this petitioner contends that since the appellant, in claiming his guilty plea was involuntary, did not point specifically to the word "only" in the colloquy, this Court should not have taken notice of it. This argument forgets that Pa.R.Crim.P. 319(a) requires that a judge "shall not accept it [guilty plea] unless he determines after inquiry of the defendant that the plea is voluntarily and understandingly tendered. *Such inquiry shall appear on the record."* [Emphasis added]. Here, Jasper in his appeal challenged the voluntariness of his guilty plea alleging a violation of his right to due process. Once the issue is raised our rules required that the constitutional validity of the plea be demonstrated on the record. Our review of the record indicated a serious

misrepresentation during the colloquy which when considered with the other factors apparent in the case rendered the guilty plea invalid. Failing to see any merit in this contention or in the contention concerning the alleged transcription error, the petition for reargument is hereby denied.