406 A.2d 1150

**COMMONWEALTH of Pennsylvania**

v.

**Kenneth WATSON, Appellant.**

Superior Court of Pennsylvania.

Argued May 8, 1979.

Decided June 29, 1979.

Neil E. Jokelson, Philadelphia, for appellant.

Thomas Butler, Jr., Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

496

Before CERCONE, President Judge, and ROBERTS and LIPEZ, JJ.*

PER CURIAM:

On August 16, 1977, appellant, Kenneth Watson, entered into a plea agreement by which he agreed to plead guilty to murder of the third degree and the Commonwealth recommended a term of imprisonment of 10 to 20 years. On that day, the trial court held a guilty plea colloquy, concluded that appellant had made a knowing, voluntary and intelligent plea and accepted the plea. On November 21, 1977, appellant filed in the Supreme Court a petition for remission of the record, in which he contended that his plea was not voluntary On December 6, 1977, that petition was granted. On remand, the trial court held a hearing, after which it denied appellant's request to withdraw his guilty plea. We reverse and remand to permit appellant to withdraw his plea.

Appellant was charged with murder for stabbing the victim to death. Appellant asserted that he was intoxicated at the time and had no recollection of possessing a knife or of committing the killing. At the colloquy, the trial court explained that appellant had the right to a trial by jury or a court sitting without jury, in which he might be found not guilty of all charges. When asked if he understood, appellant replied, "I think I am guilty." The court again explained the right to trial and asked if appellant understood that right. Appellant answered, "But, it was committed." Earlier, when the court informed him that his plea of guilty prevented him from raising any defenses or justifications for the killing, appellant stated, "There is no reason for me to even have that knife, . . ." and told the court a few moments later that he wished to plead guilty because "there is no justification, reason to take another man's life . . ."

* Justice SAMUEL J. ROBERTS of the Supreme Court of Pennsylvania and Judge ABRAHAM H. LIPEZ of the Court of Common Pleas of Clinton County, Pennsylvania, are sitting by designation.

Although the trial court correctly informed appellant of the nature of the charges to which he was pleading and explained the rights he was waiving, appellant's answers indicate that he did not comprehend his right to trial. The colloquy suggests that appellant believed that he had committed a killing without justification and that a jury would have no choice but to convict him of criminal homicide. Apparently, he did not realize that a jury could find him not guilty even though he believed he had acted without justification.

■ A guilty plea is valid only if the court informs the accused of his right to trial by jury. *Commonwealth v. Chumley*, 482 Pa. 626, 394 A.2d 497 (1978); *Commonwealth v. Willis*, 471 Pa. 50, 369 A.2d 1189 (1977); see comment to Pa.R.Crim.P. 319. Here, the trial court correctly informed appellant of his rights, but it appears that appellant did not understand the nature of his right to trial or, consequently, the consequences of pleading guilty. Perhaps further interrogation would have revealed the extent of appellant's comprehension of his right to trial, compare *Commonwealth v. Jackson*, 450 Pa. 417, 299 A.2d 290 (1973) (guilty plea upheld where court carefully questioned accused to resolve apparent contradiction in answers) with *Commonwealth v. Rodgers*, 465 Pa. 379, 350 A.2d 815 (1976) (withdrawal of plea granted where court did not pursue questioning after accused indicated lack of understanding of rights waived); on this record, however, we cannot conclude that appellant made a knowing, voluntary and intelligent plea. See *Commonwealth v. Johnson*, 460 Pa. 169, 331 A.2d 473 (1975) (guilty plea valid only if accused understands consequences of waiving right to trial); *Commonwealth v. McNeil*, 453 Pa. 102, 305 A.2d 51 (1973) (same).

■ Appellant seeks to withdraw his plea after imposition of sentence. The standard for granting withdrawal at this stage of the proceedings is that of "manifest injustice." *Commonwealth v. Starr*, 450 Pa. 485, 301 A.2d 592 (1973). "Manifest injustice" occurs where the accused makes an involuntary plea. Id. 450 Pa. at 490 n.6, 301 A.2d at 595 n.6.

Accordingly, we find "manifest injustice" justifying withdrawal of appellant's plea of guilty.

Judgment of sentence reversed and case remanded to permit appellant to withdraw his guilty plea.