410 A.2d 841

**COMMONWEALTH of Pennsylvania**

v.

**Joseph EDWARDS, Appellant.**

Superior Court of Pennsylvania.

Submitted April 12, 1979.

Filed Sept. 19, 1979.

Bruce A. Carsia, Pittsburgh, for appellant.

Robert L. Eberhardt, Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

Before CERCONE, President Judge, and WIEAND and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant contends that he should be permitted to withdraw his guilty plea because the trial court, before accepting the plea, did not explain the nature and elements of the crime charged. We agree and, accordingly, reverse the order of the court and remand to afford appellant an opportunity to withdraw his plea.

On August 9, 1977, appellant pleaded guilty to operating a lottery, 18 Pa.C.S.A. § 5512 (Supp.1978–79). After a plea colloquy, the trial court accepted the plea and, on October 12, 1977, sentenced appellant to a term of imprisonment of 1½ to 3 years and a fine of $10,000.00. Subsequently, the court suspended the sentence of imprisonment and imposed a sentence of probation for 5 years. Appellant then filed a petition to withdraw the plea, alleging, *inter alia*, that he had not voluntarily and intelligently entered the plea. The trial court reviewed the colloquy, concluded that appellant's plea was knowing, voluntary and intelligent and denied the petition, This appeal followed.

■ The Commonwealth concedes that the plea colloquy was inadequate. Instead, the Commonwealth argues that the issue raised here is not preserved for review because appellant's petition to withdraw, asserting broadly that he had not entered the plea voluntarily and intelligently, did not specifically set forth the circumstances allegedly rendering the plea invalid. Our Supreme Court has specifically rejected the Commonwealth's argument. In *Commonwealth v. Jasper*, 472 Pa. 226, 372 A.2d 395 (1976), the appellant, seeking to withdraw his plea of guilty, alleged only that it was involuntary. The Commonwealth argued that, because the allegation did not assert a specific defect in the colloquy, the Court should not examine the record of the colloquy to determine whether the trial court had correctly informed the appellant of the charges of which he could be convicted. The Court, however, reviewed the colloquy and unanimously held that once a defendant alleges that his guilty plea is not voluntary, "our rules required [sic] that the constitutional validity of the plea be demonstrated on the record." *Id.*, 472 Pa. at 234, 372 A.2d at 399. Therefore, we conclude that appellant preserved for review the issue raised here. Like the trial court, we shall consider the validity of the plea colloquy.

■ At the colloquy, the trial court asked appellant:
"Q. You understand that you are charged here today with one count of operating a Lottery?
"A. Yes, sir."

Nowhere else in the colloquy did the court inquire into appellant's understanding of the nature and elements of the offense charged. This question alone was inadequate to inform appellant of the elements of the offense, *see generally, Commonwealth v. Lane*, 242 Pa.Super. 283, 363 A.2d 1271 (1976), or to disclose his understanding of the nature of the offense. *See* Pa.R.Crim.P. 319; *Commonwealth v. Hare*, 486 Pa. 123, 404 A.2d 388 (1979) (no explanation of term malice in plea of guilty to murder); *Commonwealth v. Tabb*, 477 Pa. 115, 383 A.2d 849 (1978) (collecting cases). No guilty plea can be voluntary without inquiry into these matters. *E. g.*, Pa.R.Crim.P. 319; *Commonwealth v. Ingram*, 455 Pa. 198, 316 A.2d 77 (1974). Thus, the colloquy was clearly defective and appellant's plea must be deemed involuntary.

■ Appellant seeks to withdraw his plea after imposition of sentence. The standard for granting withdrawal at this stage of the proceedings is that of "manifest injustice." *Commonwealth v. Watson*, 267 Pa.Super. 494, 406 A.2d 1150 (1979). "Manifest injustice" occurs where the accused makes an involuntary plea. *Commonwealth v. Starr*, 450 Pa. 485, 490 n. 6, 301 A.2d 592, 595 n. 6 (1973). Accordingly, we find "manifest injustice" justifying withdrawal of appellant's guilty plea. *Commonwealth v. Watson, supra.*

Order of the court reversed and case remanded to permit appellant to withdraw his guilty plea.