J-S30040-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| STANLEY ORLIN STIRES | |
| Appellant | No. 83 EDA 2015 |

Appeal from the Judgment of Sentence November 13, 2014
In the Court of Common Pleas of Northampton County
Criminal Division at No(s): CP-48-CR-0001327-2014

BEFORE:  GANTMAN, P.J., FORD ELLIOTT, P.J.E., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                **FILED OCTOBER 14, 2015**

Appellant Stanley Orlin Stires appeals from the judgment of sentence entered in the Northampton County Court of Common Pleas following his conviction for selling or furnishing liquor or malt or brewed beverages to minors.[1]  Upon review, we vacate the judgment of sentence, reverse the order denying Appellant's petition to withdraw his guilty plea, and remand this case to the trial court.

The trial court accurately sets forth some of the relevant facts and procedural history as follows:

> On November 13, 2014, [Appellant] entered a guilty plea to one count of [s]elling or [f]urnishing [l]iquor or [m]alt or [b]rewed [b]everages to [m]inors (M3), 18 [Pa.C.S.] § 6301.1(a).  By pleading guilty, [Appellant] admitted to

---

[1] 18 Pa.C.S. § 6310.1(a).

furnishing alcohol, *i.e.* Budweiser beer, to a minor on February 24, 2014. Prior to sentencing, this [c]ourt noted the standard guideline range of RS-2, and [Appellant's] prior record score (PRS) of 2 based upon his prior convictions for DUI, manslaughter and receiving stolen property. This [c]ourt further noted that [Appellant] had been incarcerated for forty-two (42) days on the charges. [Appellant] was granted his right of allocution and made a statement to the Court on the record. Thereafter, this [c]ourt sentenced [Appellant] to a period of time served to three months['] incarceration, followed by a consecutive period of nine (9) months['] probation. On November 21, 2014, [Appellant] filed a [m]otion to [w]ithdraw [g]uilty [p]lea wherein he asserted his plea was not knowing and voluntary and specifically that, he "pled guilty in exchange only for a 'short tail'["].] We entered an [o]rder on November 25, 2014 denying [Appellant's] motion.

Trial Court Opinion, filed January 27, 2015, at 1-2.

On December 24, 2014, Appellant timely filed a notice of appeal.[2, 3]

On December 30, 2014, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and he timely complied on January 9, 2015.

Appellant raises the following issues for review:

WHETHER THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING [APPELLANT'S] MOTION TO WITHDRAW GUILTY PLEA BASED ON THE TOTALITY OF THE CIRCUMSTANCES?

---

[2] The trial court opinion states that Appellant's notice of appeal was not filed until January 9, 2015, however, the certified record reflects otherwise.

[3] The appeal was timely because it was filed within 30 days of the entry of the order denying Appellant's timely post sentence motion. **See Commonwealth v. Green**, 862 A.2d 613, 618 (Pa.Super.2004), *appeal denied*, 882 A.2d 477 (Pa.2005); Pa.R.Crim.P. 720(A)(2)(a).

> WHETHER THE [TRIAL COURT] ABUSED ITS DISCRETION BY SENTENCING APPELLANT TO A MANIFESTLY UNREASONABLE SENTENCE [THAT] IS CONTRARY TO THE FUNDAMENTAL NORMS WHICH UNDERLIE THE SENTENCING PROCESS BECAUSE IT WAS BEYOND THE SENTENCING GUIDELINES, MANIFESTLY EXCESSIVE IN LIGHT OF THE CRIMINAL CONDUCT AT ISSUE IN THE CASE, INCONSISTENT WITH THE PROTECTION OF THE PUBLIC, AND THE SENTENCE WAS NOT CONSISTENT WITH THE REHABILITATIVE NEEDS OF APPELLANT?

Appellant's Brief at 4.

In his first issue, Appellant argues that, based on the totality of the circumstances, his guilty plea was not knowing and voluntary. Appellant's Brief at 8. He claims that he did not know he was giving up his rights and his presumption of innocence. *Id.* He contends that he did not knowingly furnish the alcohol to the minor and therefore lacked the requisite intent for a violation of 18 Pa.C.S. § 6310.1. *Id.* at 8-9. Appellant concludes the court abused its discretion by denying his motion to withdraw his guilty plea, and he is entitled to a jury trial. *Id.* at 9. We agree.

This Court's scope of review of a trial court's ruling on a motion to withdraw a plea is to review the record of the plea and any post-sentence proceeding. *See Commonwealth v. Moser*, 921 A.2d 526, 528-530 (Pa.Super.2007). Our standard of review is whether the trial court abused its discretion. *Id.* at 530.

"[T]he law does not require that [the defendant] be pleased with the outcome of his decision to enter a plea of guilty: All that is required is that [his] decision to plead guilty be knowingly, voluntarily, and intelligently

made." ***Commonwealth v. Willis***, 68 A.3d 997, 1002 (Pa.Super.2013) (quoting ***Commonwealth v. Anderson***, 995 A.2d 1184, 1192 (Pa.Super.2010) (alterations in original)). A guilty plea colloquy must "affirmatively demonstrate the defendant understood what the plea connoted and its consequences." ***Id.*** (quoting ***Commonwealth v. Lewis***, 708 A.2d 497, 501 (Pa.Super.1998)). No absolute right to withdraw a plea exists. ***Commonwealth v. Flick***, 802 A.2d 620, 623 (Pa.Super.2002). After a defendant enters a guilty plea, "it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him." ***Commonwealth v. Bedell***, 954 A.2d 1209, 1212 (Pa.Super.2008).

The standard for withdrawal of a guilty plea after the imposition of sentence is much higher than the standard applicable to a pre-sentence motion to withdraw. ***Commonwealth v. Byrne***, 833 A.2d 729, 737 (Pa.Super.2003). A defendant must demonstrate that manifest injustice would result if the court were to deny his post-sentence motion to withdraw the plea. ***Id.*** "Manifest injustice may be established if the plea was not tendered knowingly, intelligently, and voluntarily." ***Commonwealth v. Hodges***, 789 A.2d 764, 765 (Pa.Super.2002); ***see also*** Pa.R.Crim.P. 590(a)(3). "[D]isappointment by a defendant in the sentence actually imposed does not represent manifest injustice." ***Byrne***, 833 A.2d at 737 (citation omitted).

For a guilty plea to be constitutionally valid, the defendant must knowingly, intelligently, and voluntarily enter the plea; otherwise, a manifest injustice has occurred. **See Hodges, supra; Commonwealth v. Fluharty**, 632 A.2d 312, 314 (Pa.Super.1993) ("In order for a guilty plea to be constitutionally valid, the guilty plea colloquy must affirmatively show that the defendant understood what the plea connoted and its consequences."). "Determining whether a defendant understood the connotations of his plea and its consequences requires an examination of the totality of the circumstances surrounding the plea." **Moser**, 921 A.2d at 529.

"A valid plea colloquy must delve into six areas: 1) the nature of the charges, 2) the factual basis of the plea, 3) the right to a jury trial, 4) the presumption of innocence, 5) the sentencing ranges, and 6) the plea court's power to deviate from any recommended sentence." **Commonwealth v. Morrison**, 878 A.2d 102, 107 (Pa.Super.2005), *appeal denied,* 887 A.2d 1241 (Pa.2005); Comment to Pa.R.Crim.P. 590(A)(2). A written plea colloquy that is read, completed and signed by the defendant and made part of the record may serve as the defendant's plea colloquy when supplemented by an oral, on-the-record examination. **Morrison**, 878 A.2d at 108 (**citing** Comment to Pa.R.Crim.P. 590). Even if "there is an omission or defect in the guilty plea colloquy, a plea of guilty will not be deemed invalid if the circumstances surrounding the entry of the plea disclose that the defendant had a full understanding of the nature and consequences of

- 5 -

his plea and that he knowingly and voluntarily decided to enter the plea."

*Fluharty*, 632 A.2d at 315. The entry of a negotiated plea is a "strong indicator" of the voluntariness of the plea. *Commonwealth v. Meyers*, 642 A.2d 1103, 1106 (Pa.Super.1994). Further, "where the record clearly demonstrates that a guilty plea colloquy was conducted, during which it became evident that the defendant understood the nature of the charges against him, the voluntariness of the plea is established." *Moser*, 921 A.2d at 529.

Here, Appellant pled guilty to the following crime:

**§ 6310.1. Selling or furnishing liquor or malt or brewed beverages to minors**

**(a) Offense defined.--**Except as provided in subsection (b), a person commits a misdemeanor of the third degree if he intentionally and knowingly sells or ***intentionally and knowingly*** furnishes, or purchases with the intent to sell or furnish, any liquor or malt or brewed beverages to a person who is less than 21 years of age.

18 Pa.C.S. § 6310.1 (emphasis added).

The record does not demonstrate that a guilty plea colloquy was conducted. Because the court denied Appellant's request for a hearing regarding his guilty plea, there are no post-trial transcripts to review. Thus, we examine the guilty plea and sentencing transcripts, which provide:

[DEFENSE ATTORNEY]: This is [Appellant], who is pleading guilty to furnishing alcohol to a minor.

THE COURT: Alright. Do you have the guidelines sheet?

[PROSECUTOR]: Yes, Your Honor.

- 6 -

[DEFENSE ATTORNEY]: What day did you come in – October the 6th?

[APPELLANT]: 2nd.

[DEFENSE ATTORNEY]: So he does have --

[APPELLANT]: Forty-two now.

[DEFENSE ATTORNEY]: Forty-two days in.

THE COURT: The guidelines are RS to two on these charges. He has forty-two days?

[DEFENSE ATTORNEY]: Forty-two days in.

THE COURT: Okay. [Appellant], you wish to plead guilty to furnishing five eight-ounce cans of Budweiser beer to a minor on February 24th, 2014?

[DEFENSE ATTORNEY]: I don't think that he is going to admit to the five cans because they were in his house. However, this is based on also several statements and video that there was alcohol. He doesn't know how many she actually took.

THE COURT: So the quantity is in question, not the act itself?

[DEFENSE ATTORNEY]: Correct.

THE COURT: Is that correct?

THE DEFENDANT: Yeah.

THE COURT: The prior record score is two, [Prosecutor]?

[PROSECUTOR]: Yes, Your Honor.

THE COURT: And what is that attributable to?

MR. CASOLA: Two DUI's, a manslaughter, and receiving stolen property.

[DEFENSE ATTORNEY]: It's a manslaughter from 1977.

THE COURT: Okay. [Appellant], is there anything that you wish to say to me, sir, before I proceed with this matter?

[APPELLANT]: Yes, Your Honor. I am going to be much more aware in my surroundings and who is into my beer.

THE COURT: I'm sorry?

[APPELLANT]: I am going to be much more careful of my surroundings and who is drinking my beer. I didn't know it, I just wasn't aware of the fact that how much she drank. I didn't know she was a minor.

[DEFENSE ATTORNEY]: There were friends over that brought the eighteen-year-old.

THE COURT: If there is nothing further, we'll accept the defendant's plea. We'll sentence him to a period of incarceration of time served to a maximum of three months, followed by a period of supervision of nine months. And, the costs associated with these proceedings. I'll file his post-sentence information.

N.T., November 13, 2014, at 2-4.

Regarding its decision to deny Appellant's petition to withdraw his guilty plea, the trial court reasoned:

Here, [Appellant] argued that his plea was not knowingly and voluntarily tendered in that, he only pled guilty in exchange for a "short tail" in reference to sentencing. As the record belied [Appellant's] claim, we denied his post-sentence motion. No agreements were made with respect to sentencing by the Commonwealth and, this was not a negotiated plea. Rather, [Appellant] knowingly and voluntarily admitted on the record to the act of furnishing alcohol to an 18-year-old female in violation of the statute. Based upon the totality of the circumstances, there is

simply no basis upon which to warrant a withdrawal of [Appellant's] plea.

Trial Court Opinion at 4 (citations to the record omitted) (emphasis added).

Nothing in the record indicates Appellant entered into the guilty plea knowingly, voluntarily, and intelligently.[4] Appellant did not receive, initial,

_____

[4] The Commonwealth contends Appellant failed to preserve this issue because he did not elaborate on why his guilty plea was not knowingly, intelligently, and voluntarily entered. Commonwealth's Brief at 8-9. The Commonwealth argues Appellant only preserved a claim that his plea was involuntary due to his belief that he would receive a "short tail" on his sentence, and that he has abandoned his "short tail" claim on appeal. *Id.* Although the petition to withdraw the plea, the Rule 1925(b) statement, and the brief were poorly drafted, they manage to convey Appellant's claim that he did not enter into the guilty plea knowingly, intelligently, and voluntarily, a claim of manifest injustice. ***See Hodges, supra.***

Appellant's petition to withdraw guilty plea states:

4. [Appellant] desires to withdraw his guilty plea on the belief that he plead guilty in only in exchange for a 'short tail'
5. Thus, he believes that his guilty plea was not knowing and voluntary.

Appellant's Petition for Motion to Withdraw Guilty Plea and Reconsideration of Sentence, filed November 21, 2014.

Appellant's concise statement states:

4. The [c]ourt abused its discretion by denying Appellant's [m]otion to withdraw his guilty plea.

Appellant's Pa.R.A.P. 1925(b) statement.

Although Appellant fails to define "short tail" and does not use the term again, our Supreme Court has held that "once a defendant alleges that his guilty plea is not voluntary, 'our rules [require] that the constitutional validity of the plea be demonstrated on the record.'" ***Commonwealth v.***
*(Footnote Continued Next Page)*

or sign a written colloquy. The court did not conduct an oral, on-the-record

*(Footnote Continued)* ─────────────

**Edwards**, 410 A.2d 841, 842 (Pa.Super.1979) (quoting **Commonwealth v. Jasper**, 372 A.2d 395 (Pa.1976)). In **Edwards**, this Court found, over the Commonwealth's objections, that the appellant had preserved his issue in his petition to withdraw his guilty plea when he asserted "broadly that he had not entered the plea voluntarily and intelligently, [and] did not specifically set forth the circumstances allegedly rendering the plea invalid." **Id.**

Here, the court failed to conduct a colloquy, failed to demonstrate the constitutional validity of the plea on the record, and failed to apprise Appellant of any of his constitutional rights. Further, the trial court addressed Appellant's claim that, based on the totality of the circumstances, his plea was not valid in its Pa.R.A.P. 1925(a) Opinion:

> [Appellant] knowingly and voluntarily admitted on the record to the act of furnishing alcohol to an 18-year-old female in violation of the statute. ***Based upon the totality of the circumstances, there is simply no basis upon which to warrant a withdrawal of [Appellant's] plea***.

Trial Court Opinion at 4 (emphasis added).

In this case, where the court failed to demonstrate the constitutional validity of the plea when Appellant first alleged his guilty plea was not voluntary, and where the trial court addressed his claim in its Pa.R.A.P. 1925(a) opinion by stating that, based on the totality of the circumstances, there was no basis upon which to warrant a withdraw of Appellant's guilty plea, we find Appellant has preserved his claim of manifest injustice by asserting he did not enter into the guilty plea knowingly and voluntarily in his motion to withdraw the guilty plea. ***See Edwards, supra***; ***see also Commonwealth v. Broaden***, 980 A.2d 124, 128 (Pa.Super.2009) (Appellant preserved issue that guilty plea was not knowing and voluntary where he only asserted in Pa.R.A.P. 1925(b) statement: "whether the sentencing court abused its discretion in not granting Appellant's post-sentence motion to withdraw his guilty plea."); ***Commonwealth v. Pantalion***, 957 A.2d 1267, 1274 (Pa.Super.2008) ("Although Appellant presented to the trial court a different basis for withdrawing her guilty plea, the alleged error in the grading of her forgery offense implicates both the legality of Appellant's sentence and the validity of her guilty plea. Therefore, we will address her grading claim on appeal.")

- 10 -

colloquy apprising Appellant of the nature of the charges to which he was pleading guilty, that he was giving up his right to a jury trial, his presumption of innocence, or the permissible range of sentences and fines possible for his charge. Further, neither the court nor counsel provided a complete factual basis of the plea because they failed to articulate how Appellant employed the requisite intent for his conviction. Thus, the trial court abused its discretion in denying Appellant's petition to withdraw his guilty plea.[5]

Order denying petition to withdraw guilty plea reversed. Judgment of sentence vacated. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

President Judge Emeritus Ford Elliott joins the memorandum.

President Judge Gantman files a concurring memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/14/2015

---

[5] We need not address Appellant's other claim.

- 11 -