J-S30040-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| STANLEY ORLIN STIRES | |
| Appellant | No. 83 EDA 2015 |

Appeal from the Judgment of Sentence November 13, 2014
In the Court of Common Pleas of Northampton County
Criminal Division at No(s): CP-48-CR-0001327-2014

BEFORE:  GANTMAN, P.J., FORD ELLIOTT, P.J.E., and JENKINS, J.

CONCURRING MEMORANDUM BY GANTMAN, P.J.:**FILED OCTOBER 14, 2015**

I agree with the majority that prior to Appellant's entry of his guilty plea, the trial court failed to conduct a proper on-the-record oral colloquy to ascertain whether Appellant was aware of his rights and the consequences of the plea.  Likewise, the record contains no written colloquy.  Therefore, I concur in the result of the majority's disposition, which vacates Appellant's judgment of sentence because no written guilty plea colloquy or proper on-the-record oral plea colloquy occurred.  ***See Commonwealth v. Hodges***, 789 A.2d 764 (Pa.Super. 2002) (stating Pennsylvania Rules of Criminal Procedure mandate that pleas be taken in open court, and require court to conduct on-the-record colloquy to ascertain whether defendant is aware of his rights and consequences of his plea).

I write separately because I do not fully agree with the majority's

analysis regarding the potential waiver of Appellant's challenge to his guilty plea. To avoid waiver, a "defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing." ***Commonwealth v. Lincoln***, 72 A.3d 606, 610 (Pa.Super. 2013), *appeal denied*, 624 Pa. 688, 87 A.3d 319 (2014). Importantly:

> [F]or any claim that was required to be preserved, this Court cannot review a legal theory in support of that claim unless that particular legal theory was presented to the trial court. Thus, even if an appellant did seek to withdraw pleas or to attack the discretionary aspects of sentencing in the trial court, the appellant cannot support those claims in this Court by advancing legal arguments different than the ones that were made when the claims were preserved.

***Id.*** (citation omitted). ***But see Commonwealth v. Jasper***, 472 Pa. 226, 372 A.2d 395 (1976) (holding guilty plea was invalid due to trial court's misrepresentation to defendant during plea colloquy, where defendant objected to voluntariness of plea but did not point to specific defect in colloquy; once issue of voluntariness of plea is raised, Pennsylvania Rules of Criminal Procedure require that constitutional validity of plea be demonstrated on record); ***Commonwealth v. Edwards***, 410 A.2d 841 (Pa.Super. 1979) (citing ***Jasper*** to reject Commonwealth's argument that Appellant waived his challenge to adequacy of plea colloquy where Appellant asserted broadly in petition to withdraw plea that he did not enter plea voluntarily and intelligently).

In my view, ***Jasper*** and ***Edwards*** stand for the narrow proposition

that where a defendant generally claims he did not enter his plea voluntarily, knowingly, or intelligently, this Court may reach the issue of whether the trial court conducted an adequate on-the-record colloquy pursuant to Pa.R.Crim.P. 590. I do not read those cases to hold that a broad claim of involuntariness is sufficient to preserve any issues regarding the validity of a defendant's plea, other than defects in (or the absence of) a colloquy.

Moreover, I disagree with the majority's reliance on **Commonwealth v. Broaden**, 980 A.2d 124 (Pa.Super. 2009), and **Commonwealth v. Pantalion**, 957 A.2d 1267 (Pa.Super. 2008), as both of those cases involved plea challenges which also implicated the legality of the defendant's sentence. **See Broaden, supra** (addressing defendant's claim that his plea was not knowing and voluntary on basis that he was unaware Commonwealth would seek mandatory minimum sentence, where defendant included claim in post-sentence motion but broadly stated in Pa.R.A.P. 1925(b) statement that trial court abused its discretion when it denied Appellant's post-sentence motion to withdraw plea); **Pantalion, supra** (stating defendant preserved her challenge to guilty plea even though she presented different basis to trial court for withdrawing plea, because plea challenge was bundled with legality of sentence issue involving alleged error in grading of forgery offense); **Commonwealth v. Oree**, 911 A.2d 169 (Pa.Super. 2006), *appeal denied*, 591 Pa. 699, 918 A.2d 744 (2007) (stating legality of sentence is nonwaivable issue and appellate court can review

illegal sentence *sua sponte*).

I do not think **Broaden** and **Pantalion** apply here because Appellant's challenge to the validity of his guilty plea does not implicate the legality of his sentence. Nevertheless, in Appellant's post-sentence motion to withdraw the plea and Rule 1925(b) statement, he raised the issue of whether his guilty plea was knowing and voluntary. In his brief, Appellant argues, "[T]here was clearly doubt that [Appellant] in fact knew the rights he was giving up and the presumption of innocence." (Appellant's Brief at 8). Therefore, I agree with the majority only insofar as the majority reviewed the record for a proper plea colloquy. **See Jasper, supra**; **Edwards, supra**. Absent those colloquies having occurred, I concur in the majority's disposition to vacate and remand.